No. 20,124.

THE PEOPLE OF THE STATE OF COLORADO *v.*
GERALDINE MARGARET MCINTOSH, ET AL.
(369 P. [2d] 987)

Decided March 26, 1962.

Mr. DUKE W. DUNBAR, Attorney General, Mr. J. F.
BRAUER, Assistant, Mr. BERT M. KEATING, District Attorney, Second Judicial District, Mr. WILLIAM A. ROBERTSON, Deputy District Attorney, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

IN the trial court the People filed an information against the defendants in error charging them with unlawfully stealing from the person of one Arthur Salazar a wallet and $26.00.

Defendants were duly convicted and the trial court proceeded to sentence each of them to six months in the County Jail and imposed a fine upon each of $300.00.

The District Attorney objected to the sentence contending that the crime of stealing from the person was a felony by reason of C.R.S. '53, 40-5-2 (6). The trial court overruled the objections, holding that since the information alleged the stealing of $26.00, the crime charged and proved was petty larceny. The statute under which the defendants were convicted is C.R.S. '53, 40-5-2, which reads, in pertinent part, as follows:

"Larceny — penalty. — (1) Larceny is the felonious stealing, taking and carrying, leading, riding or driving away the personal goods or chattels of another. Larceny shall embrace every theft which deprives another of his money or other personal property, or those means or muniments by which the right and title to property, real or personal, may be ascertained; * * * .

\* \* \*

"(4) Every person, convicted of larceny, where the article or thing stolen or removed shall exceed the value of fifty dollars, and every person who, within the period of not exceeding six months, commits the crime of larceny twice or more from the same person, where the aggregate value of the things stolen or removed shall exceed the value of fifty dollars, upon conviction on indictment or information charging each of the larcenies, shall be punished by confinement in the penitentiary for a term of not less than one year nor more than ten years.

"(5) Every person, convicted of larceny, where the article or thing stolen or removed does not exceed the value of fifty dollars, and every person convicted of larceny within the period of not exceeding six months, twice or more from the same person, where the aggregate value

of the things stolen or removed does not exceed the value of fifty dollars, shall be punished by a fine not exceeding three hundred dollars, or by imprisonment at hard labor for a term not exceeding six months, or by both such fine and imprisonment.

"(6) Stealing from the person of another shall, upon conviction, be punished by imprisonment in the penitentiary for a term of not less than one year nor more than ten years."

■ C.R.S. '53, 40-5-2 (6) provides that where the larceny is from the person of another the crime shall be a felony. Value is not material where the charge is made under that section. Melville, *Criminal Law in Colorado*, Vol. 2, p. 185. See also *Newton v. People,* 96 Colo. 246, 41 P. (2d) 300. To hold otherwise would be to completely nullify the meaning of sub-section (6), for if the value of $50.00 controlled the terms of imprisonment then sub-sections (4) and (5) would completely cover the situation set forth in sub-section (6) and render that sub-section useless surplusage.

■ We hold that when a crime is charged under sub-section (6) of 40-5-2, no proof of value is required; nor is the effect of sub-section (6) changed because the item stolen from the person of the victim is money which requires a description in dollars and cents.

*Frink v. People,* 103 Colo. 172, 83 P. (2d) 774, relied upon by the trial judge, does not govern this case. There the court held that where the People alleged the value of the property taken, namely a colt of the value of $20.00, undertook to prove the value, and submitted a verdict to the jury requiring them to find the value, the People had elected to proceed under the larceny statute rather than under the statute relating to theft of cattle which required no proof of value.

In the case at bar the People filed under the larceny statute and under a section of that statute which specifically made the commission of the acts charged a felony. The allegation that $26.00 was stolen was merely

558

descriptive of the item taken from the victim. If convicted of larceny from the person, under sub-section (6) the punishment is set by the statute at from one to ten years' imprisonment in the penitentiary.

■ No proof of value was offered other than the statement of the victim as to the amount of money taken from him, and under the charge this was immaterial. The verdict submitted to the jury did not require the jury to make a finding of value and the jury did not do so.

The trial court was in error when it nullified the effect of sub-section (6), C.R.S. '53, 40-5-2, under which the defendants were charged, tried and convicted, and determined to sentence them under sub-section (5).

The action of the trial court in sentencing these defendants as though they were convicted of a misdemeanor is disapproved.