## No. C-1583

## The People of the State of Colorado v. Bruce Ferrell, Jr.

(591 P.2d 1038)

Decided March 19, 1979.

Terrance Farina, District Attorney, James R. Alvillar, Deputy, for petitioner.

---

Dufford, Waldeck & Williams, Laird T. Milburn, Ware B. Flora, for respondent.


*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.


The People appeal from the district court's reversal on appeal of the defendant's conviction in the county court. The county court had found him guilty of obtaining goods of value by deception in violation of section 18-4-401, C.R.S. 1973 (1978 Repl. Vol. 8). We granted certiorari to the district court and affirm.

Two sales clerks of Keith O'Brien, a Grand Junction department store, testified that on July 9, 1976 the defendant had purchased three jackets and some shirts and opened a credit account to which the purchases were charged. The account was not paid. The defendant denied the alleged transactions with the store and claimed he had been in California on July 9, 1976. A friend corroborated his alibi.

The district court reversed the conviction on the grounds that no deception had been proved and that there had been no theft.

■ The issue on appeal is whether there was sufficient evidence to support a finding of deception. The evidence shows that the defendant gave his name on the credit application as "Robert Bruce Ferrell" rather than his correct name of "Bruce Ferrell, Jr." However, the People did not establish that anyone at Keith O'Brien's was deceived into extending credit by this. One saleswoman testified that she recognized the defendant from previous sales at Keith O'Brien's, as well as at another store where she had worked. Another saleswoman testified that she knew him as Bruce Ferrell, a regular customer. Moreover, credit was extended on the basis of a report from the credit bureau which contained information about the defendant under his correct name.

The People also claim that the defendant gave an incorrect address, viz. "819 Jamaica" instead of "620 Canyon Creek." Yet, the only evidence to that effect was a saleswoman's testimony that the credit card mailed to 819 Jamaica some time after July 9, 1976 was returned because the address was incorrect. A phone bill sent to 620 Canyon Creek which covered the period from June 29 to August 27, 1976 also was introduced into evidence.

The important thing is that the People failed to show that anyone at Keith O'Brien's relied upon the correctness of the address in extending credit to the defendant. *People v. Terranova,* 38 Colo. App. 476, 563

P.2d 363 (1977), sets forth the standard for proving theft by deception:
"The . . . crime . . . requires proof that misrepresentations caused the victim to part with something of value and that the victim relied upon the swindler's misrepresentation . . . . There can be no 'deception' if the victim is not deceived."

There was no evidence of any deception upon which the store's personnel relied. The district court, therefore, correctly reversed the conviction on the ground of lack of evidence.

Judgment affirmed.

MR. JUSTICE CARRIGAN does not participate.