Willie Willis was indicted and convicted for theft in the second degree. Sentence was 10 years' imprisonment. Two issues are raised on appeal.
 I
Willis argues that his prosecution and conviction in the circuit court violated principles of former jeopardy. Willis was initially charged by warrant with theft in the second degree in the district court.
The State's evidence shows that on November 23, 1984, Willis went to a branch location of First Alabama Bank of Montgomery, signed an indemnity bond and placed a stop order payment on a Christmas Club account check for $271.35. In return, the Bank issued Willis a cashier's check for that same amount. Willis cashed the cashier's check that same day at the main office of First Alabama Bank.
The next day, November 24th, Willis cashed the original Christmas Club check, dated November 1st, at a Winn-Dixie store. Willis was contacted about the check and informed the store manager that he wanted to make restitution. Willis admitted that he had cashed the check because he had "financial problems".
A preliminary hearing was held on February 4, 1985. The district judge continued the case for thirty days to allow Willis to make restitution. On March 4, 1985, defense counsel filed a motion to continue the case on the allegation that the District Attorney "has stated that he will not oppose this case being handled as a misdemeanor if Winn-Dixie is paid the money due on the check." Willis was indicted for the felony of theft in the second degree on February 8th.
Willis argues that the evidence at the preliminary hearing only showed the misdemeanor of negotiating a worthless negotiable instrument and that by continuing the case the District Court retained jurisdiction. Willis cites no authority for his argument of former jeopardy. The district court has the jurisdiction in a felony case only to hold a preliminary hearing. Alabama Code 1975, § 12-12-32. The district court cannot prevent the circuit court's assumption of jurisdiction by continuing a preliminary hearing. The district court *Page 58 
never found Willis guilty of a misdemeanor and made no finding that there was no probable cause to support the felony charge of second degree theft. Consequently, the State was not barred by principles of res judicata from indicting Willis. Alabama Code 1975, § 15-11-2. This Court finds no merit to this argument.
 II
The evidence at trial shows that Willis was properly convicted for the felony of theft II and should not have been acquitted of that offense because he was only guilty of the misdemeanor of negotiating a worthless check.
The facts show that the bank issued Willis a check to replace a Christmas Club check which Willis reported he had not received. Willis almost immediately cashed the replacement check. The next day the original check arrived in the mail, and Willis cashed that "due to financial problems." The circuit judge found that Willis had the intent to steal and found him guilty of theft II. (R.45.)
Willis argues that he was not guilty of theft II because that offense is defined by Alabama Code 1975, § 13A-8-4 (a) as "[t]he theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value, and which is not taken fromthe person of another." (Emphasis added.) He argues that the money was taken from the person of another because the Winn-Dixie cashier handed him the money when he cashed the check.
This position is untenable. Property is "taken from the person of another" when the taking, "involves either an element of danger or is committed by professional pickpockets or pursesnatchers." Alabama Code 1975, § 13A-8-2 through 13A-8-5
Commentary. The element of danger justifies the imposition of a more serious punishment under theft I (§ 13A-8-3). Id. Since Willis' actions in cashing the check at Winn-Dixie clearly did not involve an element of danger, the taking was not "from the person of another." Therefore, his conviction for theft II under § 13A-8-4 was proper.
It should be noted that statutes such as § 13A-9-13.1, Code of Alabama 1975, i.e. "Negotiating worthless negotiable instrument," were drafted as a means of "supplementing the ordinary laws of theft and false pretenses in the context of bad checks." (Emphasis added.) Model Penal Code, § 224.5 Comment (1980). The most important objective of bad-check statutes is to create presumptions to aid in the prosecution of the misdemeanor offense of writing or passing a bad check, "or for the felony offense of theft by deception in cases where large amounts of money or property are involved." Id.
While the lighter sanction imposed under § 13A-9-13.1 is believed to be "sufficient to help preserve the integrity of commercial paper," the mere existence of the statute does not preclude prosecution for theft. Alabama Code 1975, §§13A-9-13.1 through 13A-9-13.3 Commentary. Indeed, "if the passer actually receives property, he may be prosecuted for the higher offense of theft." Id.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.