The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

Ernest L. **WARNER,**
**Defendant–Appellant.**

No. 87CA1762.

Colorado Court of Appeals,
Div. I.

Oct. 26, 1989.

Rehearing Denied Dec. 7, 1989.

Certiorari Granted April 2, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., and Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, Ernest L. Warner, appeals the judgment of conviction entered on a jury verdict finding him guilty of theft from the person of another. We reverse.

The record establishes that defendant used a series of short-change transactions to obtain money from a store cashier. Defendant originally approached the cashier to make a purchase while an accomplice stood nearby distracting other customers in the store. Defendant used a ten dollar bill to purchase a dollar's worth of goods. After the cashier handed him his change, defendant asked her to make change for other ten and twenty dollar bills in his possession. Several transactions occurred in which the cashier exchanged smaller denomination bills for bills presented by defendant. Eventually the cashier became confused and refused to make further change. Defendant left the store and the cashier discovered that the register was fifty-two dollars short.

Defendant first contends that the evidence fails to establish that the theft occurred "from the person of another" as proscribed by § 18-4-401(5). We agree.

■ In construing a statute, effect must be given to the intent of the General Assembly. *People v. District Court*, 713 P.2d 918 (Colo.1986). Any ambiguous terminology must be analyzed in context and with regard to its intended purpose as manifested by the statutory scheme. *People v. Green*, 734 P.2d 616 (Colo.1987).

The crime of theft is defined under § 18-4-401(1) and ranges from a class 3 misdemeanor to a class 3 felony depending on the value of the thing taken, as set forth in § 18-4-401(2), C.R.S. (1986 Repl.Vol. 8B).

Under § 18-4-401(5), C.R.S. (1986 Repl. Vol. 8B), theft, regardless of value, is a class 5 felony if it involves a taking "from the person of another by means other than the use of force, threat, or intimidation." A taking from the person of another by force, threats, or intimidation is robbery, a class 4 felony. Section 18-4-301, C.R.S. (1986 Repl.Vol. 8B)

Defendant urges us to characterize the facts at issue as being a voluntary relinquishment of money within the presence of the cashier, rather than a taking from the body of the victim and, on those grounds, to conclude that the evidence fails to establish a theft from the *person* of another. In making his argument, defendant admits that the act of short-changing a cashier constitutes theft by deception as defined by § 18-4-401(1), but argues that, by virtue of the amount taken, the crime is a misdemeanor under § 18-4-401(2)(b), C.R.S. (1986 Repl.Vol.8B) rather than a felony under § 18-4-401(5). The issue, therefore, is whether a defendant who commits theft by deception is subject to enhanced punishment under § 18-4-401(5).

Construing a similar statutory scheme, the court in *State v. Harrison*, 149 N.J. Super 220, 373 A.2d 680 (N.J.Super.Ct.App. Div.1977), *cert. denied*, 75 N.J. 525, 384 A.2d 505 (1977), concluded that the purpose of this type of enhanced penalty is to provide a greater punishment where the theft "raises a danger of confrontation and involves an invasion of the victim's person and privacy." *See also* Model Penal Code § 223.1(d), Comment (1980).

In *Harrison*, there had been a voluntary relinquishment of property by the victim in reliance on defendant's misrepresentation that he would hold on to it for safe keeping. The court held that, as the taking did not involve an element of danger or involve an invasion of privacy, it did not constitute theft from the person of another. *See also Willis v. State*, 480 So.2d 56 (Ala.Ct.App. 1985) (no larceny from person where theft was by deception).

■ Similarly, we conclude that, here, the objective of the General Assembly would not be furthered by a conviction under § 18-4-401(5) and that, therefore,

the evidence before us fails to establish a taking from the person of another as proscribed by that subsection.

Given our disposition of the foregoing issue, we do not address defendant's remaining contentions.

The judgment of conviction under § 18–4–401(5) is reversed, and the cause is remanded for entry of a judgment of conviction under § 18–4–401(2)(b) and for sentencing as to that misdemeanor.

JONES and NEY, JJ., concur.