**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Ernest L. WARNER, Respondent.**

**No. 90SC13.**

Supreme Court of Colorado,
En Banc.

Dec. 10, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Donna Skinner Reed, Sp. Asst. Atty. Gen., Golden, for petitioner.

· David F. Vela, State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for respondent.

Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari in this case to consider whether the crime of theft from the person of another, § 18–4–401(5), 8B C.R.S. (1986), includes a theft accomplished by a series of short-change transactions between the defendant and a store cashier. The court of appeals held that the evidence failed to establish a theft from the person of another. The court reversed the defendant's class 5 felony conviction under section 18–4–401(5), and remanded the case back to the trial court for entry of a class 2 misdemeanor conviction under section 18–4–401(2)(b). *People v. Warner,* 790 P.2d 866 (Colo.App.1989). We affirm the judgment of the court of appeals.

### I.

On the afternoon of February 23, 1987, the defendant, Ernest Warner (Warner), and another man entered the J.R. Turtles Frozen Yogurt store. Warner purchased a bag of cookies from the store cashier, paying for his $1.06 purchase with a ten-dollar bill. After the cashier gave him change, Warner asked her to make change several more times for other ten- and twenty-dollar bills. Meanwhile, Warner's companion distracted the other customers in the store by engaging them in conversation.

Confused by the rapid series of money transactions, the cashier finally refused to make further change. After Warner and his companion left the store, the cashier counted the money in the cash register and discovered that it was short by $52. The cashier then reported the shortage to the police and later identified Warner from among three suspects as the person who had initiated the money transactions with her. Warner was subsequently charged with one count of theft from the person of another, a class 5 felony, in violation of section 18–4–401(5), 8B C.R.S. (1986). Following a one-day jury trial, Warner was convicted and sentenced to a three-year prison term.

Warner appealed his felony conviction for theft from the person of another, contending that his act of shortchanging the cashier amounted only to misdemeanor theft by deception as defined by subsections 18–4–401(1) and (2)(b). The court of appeals agreed, summarily concluding that the General Assembly's objective would not be furthered by convicting Warner for theft from the person of another under section 18–4–401(5).

### II.

The People argue that the language of Colorado's theft statute allows a theft accomplished by deception, § 18–4–401(1), to be elevated to theft from the person of

another, § 18–4–401(5), under the circumstances involved in this case. Because the deceptive means used by Warner to obtain the money involved hand-to-hand transactions with the store cashier, the People contend that Warner's crime was theft from the person of another, requiring a class 5 felony conviction, regardless of the amount taken.

Contrary to the People's argument, Warner contends that the "theft from the person" provision was not meant to cover the deceptive short-change transaction involved in this case. Rather, Warner interprets theft from the person of another to cover such crimes as pickpocketing, when the property is taken from the person without the person's knowledge and where force, threat, or intimidation are lacking.

#### A.

Given these conflicting, yet plausible, interpretations of the "theft from the person" provision in section 18–4–401(5), we must review the intended scope of subsection (5) as distinguished from theft by deception under section 18–4–401(1).

The relevant provisions of Colorado's current theft statute, § 18–4–401, 8B C.R.S. (1986), are as follows:

> (1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or *by* threat or *deception,* and:
>
> (a) Intends to deprive the other person permanently of the use or benefit of the thing of value;
>
> . . . .
>
> (5) Theft from the person of another by means other than the use of force, threat, or intimidation is a class 5 felony

without regard to the value of the thing taken.

(Emphasis added). Theft of a thing valued at $50 or more but less than $300 is a class 2 misdemeanor. § 18–4–401(2)(b).

We first consider what crimes constitute theft by deception as set forth in subsection (1), beginning with the pertinent history behind this provision. In 1967, the Colorado General Assembly enacted its first version of a consolidated theft statute which incorporated the various common-law crimes against property into a general theft provision. *See* Act approved May 30, 1967, ch. 312, sec. 1, 1967 Colo.Sess.Laws 573, 573–74. By merging the crimes of larceny, embezzlement, false pretenses and confidence games, the General Assembly sought to remove the distinctions and technicalities that previously existed in the pleading and proof of such crimes. The consolidated theft statute thus prevents offenders from evading punishment on the technicality of being charged with violating the wrong law. *See* § 18–4–403, 8B C.R.S. (1986); *Maes v. People,* 178 Colo. 46, 48, 494 P.2d 1290, 1291 (1972). While the technical distinctions of the various crimes were eliminated through consolidation, much of the substantive elements for the offenses were retained. Theft by deception as defined in section 18–4–401(1) essentially replaced the former crime of obtaining goods by false pretenses.[1] *See Norman v. People,* 178 Colo. 190, 194, 496 P.2d 1029, 1031 (1972); C. Torcia, *Wharton's Criminal Law* § 448, at 515 (1980).

Interpreting Colorado's current "theft by deception" provision, the court in *People v. Terranova,* 38 Colo.App. 476, 563 P.2d 363 (1976), set forth the applicable standard for proving that crime:

> [T]he crime of theft by deception requires proof that misrepresentations

---

1. Colorado's former false pretenses statute provided:

> Obtaining goods or services under false pretenses—penalty.—*If any person shall knowingly and designedly, by any false pretense, obtain from any other person* any chose in action, *money,* goods, wares, chattels, effects, services, or other valuable thing whatsoever, *with intent to cheat or defraud any such person of the same,* every person so offending shall be

deemed a cheat, and upon conviction shall, where the property or service obtained is over the value of fifty dollars, be imprisoned in the penitentiary not to exceed ten years; and where the value of the property or service obtain [sic] is fifty dollars or less, [be fined] in any sum not exceeding one thousand dollars, or be imprisoned in the county jail not to exceed six months, or both.
§ 40–14–2, 3 C.R.S. (1963) (emphasis added).

caused the victim to part with something of value and that the victim relied upon the swindler's misrepresentations.

*Id.* at 483, 563 P.2d at 368. *See also People v. Ferrell*, 197 Colo. 253, 255, 591 P.2d 1038, 1039 (1979) (evidence failed to support defendant's conviction for theft by deception where store personnel did not rely on defendant's alleged deception in giving false name and address on credit application); *People v. Norman*, 703 P.2d 1261, 1268 (Colo.1985) (evidence failed to support defendant's conviction for theft by deception where victim did not rely on defendant's misrepresentations in purchasing property); *People v. Todd*, 189 Colo. 117, 538 P.2d 433 (1975) (the prosecution established theft by deception where defendants bought a sofa with a bad check, canceled the purchase, and wrongfully obtained a refund).

We next consider the parameters for theft from the person of another under section 18–4–401(5), which is a matter this court has never before addressed. In construing a statute, our primary task is to ascertain and give effect to the intent of the legislature. *E.g., Charnes v. Boom*, 766 P.2d 665, 667 (Colo.1988); *People v. Guenther*, 740 P.2d 971, 975 (Colo.1987). To determine legislative intent, we look first to the language of the statute. *E.g., Griffin v. S.W. Devanney & Co.*, 775 P.2d 555, 559 (Colo.1989); *People v. District Court*, 713 P.2d 918, 921 (Colo.1986). Where the statutory language is clear and unambiguous there is no need to resort to the interpretive rules of statutory construction. *E.g., Griffin*, 775 P.2d at 559. If, however, the statute is ambiguous, we may determine the intent of the General Assembly by considering the statute's legislative history, the state of the law prior to the legislative enactment, the problem addressed by the legislation, and the statutory remedy to cure the problem. *See* § 2–4–203, 1B C.R.S. (1980); *Charnes*, 766 P.2d at 667. Finally, a statute must be read and construed as a whole so as to give consistent, harmonious, and sensible effect to all its parts. *E.g., Griffin*, 775 P.2d at 559.

Because the differing but logical interpretations of the "theft from the person" provision create an ambiguity, we look to the legislative history of subsection (5) to ascertain the purpose for which it was enacted.

The first statute providing a greater penalty for larceny from the person than for simple larceny originated in England with the Statute of 8 Elizabeth, passed in the sixteenth century. That statute was intended to apply to the crime of pickpocketing. *See Terral v. State*, 84 Nev. 412, 413, 442 P.2d 465, 465 (1968). Colorado's early statutes also recognized that "stealing from the person of another" was larceny, *see* Colo.Gen.Laws § 654 (1877) and Colo.Gen.Stat. § 753 (1883), but it was not until 1891 that Colorado's larceny statute was revised to impose a greater penalty for the crime of larceny from the person. Specifically, the revised larceny statute stated that "stealing from the person of another shall, upon conviction, be punished by imprisonment in the penitentiary for a term of not less than one year nor more than ten years." *See* Colo.Rev.Stat. § 1678 (1908). In *People v. McIntosh*, 149 Colo. 555, 369 P.2d 987 (1962), this court determined that the above language, incorporated into § 40–5–2(6), 3 C.R.S. (1953), applied to a pickpocketing case where the defendants stole a wallet and $26 from the victim's person. Stating that larceny from the person was a felony, the court reversed the trial court's action in sentencing the defendants as though they had committed a misdemeanor. *McIntosh*, 149 Colo. at 557, 369 P.2d at 988–89.

The "stealing from the person" language remained in effect until 1967, when the legislature enacted its initial consolidated theft statute. *See* Act approved May 30, 1967, ch. 312, sec. 1, 1967 Colo.Sess.Laws 573, 573–74. Although the legislature failed to include a provision for theft from the person of another in its 1967 theft statute, the current language was added when the General Assembly enacted the complete "Colorado Criminal Code" in 1971. *See* Act approved June 2, 1971, ch. 121, sec. 2, 1971 Colo.Sess.Laws 388, 428. The language appearing in the 1971 theft

statute remains in effect today under section 18–4–401(5), and states that "[t]heft from the person of another by means other than the use of force, threat, or intimidation is a class 5 felony without regard to the value of the thing taken."

A 1964 Legislative Council report to the General Assembly articulated the legislative purpose behind the enactment of section 18–4–401(5). In the Comment to its proposed "theft from the person" provision,[2] the Legislative Council Criminal Code Committee stated:

> Subsection (5) covers cases where the thing misappropriated, regardless of value, is taken from the person of another. It is a restatement of the present law. Essentially, it is an act of "stealing," without circumstances of force or violence as would constitute robbery, where the thing stolen is on the person on whom the theft is made. Nevertheless, taking something of value from a person involves some degree of danger to the victim which is not present during other theft offenses, and accordingly is punished more severely than other types of theft offenses. Pocket-picking is an example of conduct covered here.

Colorado Legislative Council, Report to the Gen. Assembly of 1965, Research Publication No. 98, at 36 (1964).

According to the Legislative Council's statement, subsection (5) was designed to cover those situations that would otherwise constitute robbery,[3] but for the lack of force, threats, or intimidation. This construction comports with the statutory scheme which makes robbery a class 4 felony, § 18–4–301(2), and theft from the person of another a class 5 felony, § 18–4–401(5), depending on the presence or absence of force, threats, or intimidation.[4] As indicated in the Legislative Council's Comment, theft from the person of another involves circumstances, such as pickpocketing, where something of value is taken from one who is unconscious or unaware of the theft.[5] The invasion of the victim's person presents an element of danger absent in other theft offenses, which justifies the greater penalty accorded those who violate subsection (5).[6] Reading the general theft statute together with the robbery statute, we conclude that theft from the person of another is intended to cover those thefts involving an invasion of the victim's person of which the victim is unaware, but which are not accomplished through the use of force, threats, or intimidation.

### B.

We next consider whether the theft by Warner, accomplished by a series of short-change transactions, rises to the level

---

**2.** The Colorado Legislative Council's Criminal Code Committee proposed the following provision in its 1964 report: "Any person who commits theft from the person of another, regardless of the value of the thing involved, is guilty of a class ___ felony." Colorado Legislative Council, Report to the Gen. Assembly of 1965, Research Publication No. 98, at 33 (1964).

**3.** Colorado's robbery statute provides: "A person who knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery." § 18–4–301(1), 8B C.R.S. (1986).

**4.** See also People v. Thomas, 119 Ill.App.3d 464, 465–67, 75 Ill.Dec. 1, 2, 456 N.E.2d 684, 685 (1983) (larceny from the person, as distinguished from robbery, occurs when property is taken from the person without violence or intimidation); Polk v. State, 157 Tex.Crim. 75, 75–76, 246 S.W.2d 879, 879 (1952).

**5.** See also Woods v. State, 153 Tex.Crim. 457, 461, 220 S.W.2d 644, 646 (1949) (theft from the person occurs without the victim's knowledge or so suddenly as not to allow time to resist, but robbery is the proper charge where force is used).

**6.** See also Willis v. State, 480 So.2d 56, 58 (Ala. Crim.App.1985) (the element of danger associated with taking property from the person of another justifies the imposition of a more serious punishment); Cook v. State, 706 S.W.2d 775, 778 (Tex.Ct.App.1986) (the category of theft designated theft from the person was created to provide a higher penalty range for such acts as pickpocketing and purse-snatching, where no violence accompanies the appropriation); State v. Harrison, 149 N.J.Super. 220, 229, 373 A.2d 680, 684 (1977) (larceny from the person raises a danger of confrontation and involves an invasion of the victim's person and privacy but is not accomplished through the use of force or fear).

of theft from the person of another in violation of section 18–4–401(5), or whether it constitutes theft by deception as defined in section 18–4–401(1).

In this case, the cashier relied on Warner's false representations as to the denomination of the bills he was handing to her for change, causing the cashier to relinquish more money than Warner was entitled to receive. That the cashier relied on Warner's misrepresentations, causing her to part with something of value, suffices to show that Warner committed the crime of theft by deception. *See People v. Terranova*, 38 Colo.App. 476, 483, 563 P.2d 363, 368 (1976).

We fail to find, however, that the "theft from the person" provision, as envisioned by the legislature, covers this theft accomplished by short-change transactions. At no time did Warner take money from the cashier's person while she was not looking. Rather, the cashier was aware that she was handing money to Warner, and it was only by deception that Warner was able to shortchange her. Unlike pickpocketing, Warner's theft lacked the element of danger associated with invading the person of an unaware or unconscious victim for purposes of stealing something of value. The mere taking of the change from the cashier's hand itself is insufficient to find Warner guilty of theft from the person of another.[7]

We therefore hold that theft from the person of another does not encompass a theft accomplished by a series of short-change transactions. Warner's actions constitute theft by deception as defined in section 18–4–401(1), and punishment must be determined pursuant to section 18–4–401(2).

We affirm the court of appeals judgment.

---

**7.** *See also Willis,* 480 So.2d at 58 (money was not "taken from the person of another" within the meaning of the theft statute where, after having reported lost check and cashing replacement check, defendant cashed original check with a store cashier who handed him the money).