FILED
United States Court of Appeals
Tenth Circuit

December 13, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 12-1032 |
| v. | (D. of Colo.) |
| SIR ALEXANDER NEAL, | (D.C. No. 1:11-CR-00163-WJM-1) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

A jury convicted Sir Alexander Neal of the federal crime of being a felon in

possession of a firearm. 18 U.S.C. § 922(g)(1). On appeal, he challenges the

district court's determination that his prior conviction for "theft from the person

of another by means other than the use of force, threat, or intimidation," in

violation of Colorado Revised Statute § 18-4-401(5), constitutes a "crime of

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

violence" for purposes of United States Sentencing Guidelines (USSG)
§ 4B1.2(a).

Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C.
§ 1291, we AFFIRM.

Following a three day trial, a jury found Neal guilty of possessing a firearm
as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  At sentencing, Neal
objected to the Presentence Investigation Report (PSR) and to the calculation of
his Base Offense Level.  As the PSR reflected, Neal was previously convicted for
menacing in 2004 and for "theft from the person of another by means other than
the use of force, threat, or intimidation" in 2002.  (R., Vol. 1, Doc. 103 at
735–37.)  Under the applicable sentencing guidelines, the district court
determined both of Neal's previous convictions were crimes of violence, resulting
in a higher Base Offense Level and a longer sentence.

The district court adopted the PSR's recommendations and sentenced Neal
to 102 months in prison.

Neal contended below the district court should not have considered his
2002 theft conviction a "crime of violence" under USSG § 4B1.2(a).  But the
district court, relying on *United States v. Patillar*, 595 F.3d 1138 (10th Cir.
2010), rejected Neal's objections, concluding that the prior Colorado conviction
of theft from the person of another is a crime of violence.  In *Patillar*, we
concluded that "larceny from the person of another" is a crime of violence

because it "creates a significant risk of confrontation between thief and victim." *Id.* at 1140.

Neal asks us to reconsider our holding in *Patillar*. He argues it is no longer good law because it conflicts with the Supreme Court's recent decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011). But whether or not *Patillar* is affected by *Sykes* (a question we need not address here) we conclude the district court correctly determined that theft from a person of another by means other than the use of force, threat, or intimidation constitutes a crime of violence for purposes of § 4B1.2(a)(2).

Section 4B1.2(a) of the USSG defines a "crime of violence" as,

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.* (emphasis added).

The parties agree on several aspects of § 4B1.2(a). First, a Colorado conviction for "theft from the person of another by means other than the use of force, threat, or intimidation" is punishable by more than one year's imprisonment; second, it does not involve physical force; and, third, the offense is not one of the crimes enumerated in § 4B1.2(a)(2). Thus, our sole inquiry is whether the offense falls into the § 4B1.2(a)(2) residual clause, which

-3-

encompasses crimes "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another."

The method for determining whether an offense falls into the residual clause has been admittedly inconsistent. Prior to *Sykes*, the analysis for determining whether a crime was "violent" for purposes of § 4B1.2(a)(2) rested on whether the underlying prohibited conduct was "purposeful, violent, and aggressive" as discussed in *Begay v. United States*, 553 U.S. 137, 144–45 (2008). In *Begay*, the Court reasoned that the enumerated felonies – burglary, arson, extortion, or crimes involving the use of explosives – "illustrate the kinds of crimes that fall within the statute's scope," and that all of those crimes involve "purposeful, violent, and aggressive conduct." *Id.* at 142, 144–45. In holding that "the statute covers only *similar* crimes," the Court determined the crime of driving under the influence is outside the statute's scope because, unlike the listed offenses, "driving under the influence need not be purposeful or deliberate." *Id.* at 141–42, 145.

But in *Sykes* the Court takes a slightly different approach. The Court now employs a categorical risk comparison, where a crime falls within the residual clause if it poses a risk similar to the risk posed by the enumerated offenses in § 4B1.2(a). *Sykes*, 131 S. Ct. at 2275–76. The Court held the residual clause includes crimes that involve analogous risk to the listed crimes, even if the crime does not involve analogous conduct. *See id. Sykes* compared the risk posed by

-4-

vehicular fleeing from police with the risk posed by burglary and determined they both create a similar danger of potential "confrontation leading to violence." *Id.* at 2273. Because the risk posed by vehicular fleeing is similar in kind to the risk posed by one of the enumerated offenses, the conduct falls within the residual clause.

*Sykes* limited *Begay*'s "purposeful, violent, and aggressive" inquiry only to strict-liability, negligence, or recklessness crimes. *Id.* at 2275–76; *United States v. Sandoval*, 696 F.3d 1011, 1016 (10th Cir. 2012) ("After *Sykes*, it is not necessary to reach *Begay*'s 'purposeful' inquiry when the *mens rea* of the offense requires intentional conduct."); *United States v. Smith*, 652 F.3d 1244, 1248 (10th Cir. 2011) ("Where the felony at issue is 'not a strict liability, negligence, or recklessness crime' the test is not whether the crime was 'purposeful, violent, and aggressive' but whether it is 'similar in risk to the listed crimes.'") (quoting *Sykes*, 131 S. Ct. at 2276).

Under either *Begay*'s "purposeful, violent, or aggressive" analysis or *Sykes*'s categorical risk level analysis, the outcome is the same: Neal's theft conviction is a "crime of violence" for purposes of § 4B1.2(a)(2). *Sykes* requires us to assess the risk posed by the conduct proscribed in the Colorado theft statute as compared to the risk posed by § 4B1.2(a)'s enumerated offenses. In doing so, "we examine only the statutory elements of the offense, not the underlying facts

-5-

of the conviction." *Patillar*, 595 F.3d at 1139 (citing *United States v. Rooks*, 556 F.3d 1145, 1147 (10th Cir. 2009)).

Despite *Patillar*'s application of *Begay*, it properly held that "larceny from the person . . . creates a significant risk of confrontation between thief and victim." 595 F.3d at 1140. Relatedly, in a thorough analysis of the Colorado theft statute at issue here, the Colorado Supreme Court recognized that "[t]he invasion of the victim's person presents an element of danger absent in other theft offenses." *People v. Warner*, 801 P.2d 1187, 1191 (Colo. 1990). That "danger" is the potential for violent confrontation between thief and victim. *See id.*; *see also Patillar*, 595 F.3d at 1140 (citing several cases indicating danger posed by larceny from a person is risk of confrontation).

In comparing the risk created by theft from the person of another to the risk created by the enumerated crimes, we look to the risk posed by burglary. "The main risk of burglary arises not from the simple physical act of wrongfully entering another's property, but from the possibility that an innocent person might confront the burglar during the crime." *James v. United States*, 550 U.S. 192, 194 (2007); *Sykes*, 131 S. Ct. at 2273 ("Burglary is dangerous because it can end in confrontation leading to violence."). Thus, we find that the risk posed by the crime of theft from a person of another and the risk posed by burglary is the same.

A comparative risk analysis, as mandated by *Sykes*, also would find that theft from a person of another under Colorado Revised Statute § 18-4-401(5) "presents a serious potential risk of physical injury to another" and fits squarely within the residual clause of § 4B1.2(a)(2).

We therefore conclude Neal's conviction for theft from a person of another, in violation of Colorado Revised Statute § 18-4-401(5), constitutes a crime of violence. As a result, the district court properly considered Neal's two prior convictions for crimes of violence in calculating his Base Offense Level and recommended sentencing range.

The judgment of the district court is AFFIRMED.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge