FILED
United States Court of Appeals
Tenth Circuit

February 24, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SIR ALEXANDER NEAL,

    Defendant - Appellant.

No. 14-1399
(D.C. Nos. 1:14-CV-01071-WJM &
1:11-CR-00163-WJM-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

Petitioner Sir Alexander Neal, a federal prisoner appearing pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C.

§ 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 petition). Mr.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Neal is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

Neal also requests leave to proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I. BACKGROUND

### A. *Factual History*

On March 15, 2011, Denver Police Officer Jarrod Foust stopped a car after observing it make an illegal left-hand turn and noting its tinted windows, which he believed violated a city ordinance. While speaking with the vehicle's driver, Officer Foust smelled marijuana and noticed a small bag on the back seat that appeared to contain marijuana and a foil package of rolling paper. A second officer—Officer Paul Von Feldt—arrived and spoke with Mr. Neal, who was sitting in the passenger seat. After running Mr. Neal's information, the officers discovered his extensive criminal history, including felony convictions.

Upon learning neither of the passengers had a medical marijuana license, the officers decided to search the car, while Mr. Neal remained inside. During the search, Officer Von Feldt saw a firearm underneath Mr. Neal's seat. He notified Officer Foust of the firearm. While the officers were speaking, Mr. Neal bent over in his seat. The officers immediately removed Mr. Neal from the vehicle and found the firearm underneath the driver's seat.

### B. *Procedural History*

Mr. Neal was indicted on one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). He moved to suppress the gun evidence, arguing the traffic

stop violated the Fourth Amendment. The district court denied the motion. A jury convicted Mr. Neal of the offense, and the court sentenced him to 102 months in prison and three years of supervised release. *See United States v. Neal*, 505 F. App'x 755, 756 (10th Cir. 2012) (unpublished).

Mr. Neal appealed, arguing his sentence was too long because one of his predicate offenses was not a crime of violence under United States Sentencing Guidelines § 4B1.2(a). *Id.* This court affirmed. *Id.* at 758.

Mr. Neal next moved for § 2255 relief, raising five claims: (1) government destruction of a traffic camera tape of the stop; (2) prosecutorial misconduct for failure to obtain and disclose the tape; (3) selective law enforcement based on a racially motivated stop; (4) false testimony from a government witness; and (5) ineffective assistance of counsel.

These claims stemmed from his contention that a traffic monitoring camera recorded the incident from a block away and would have shown the driver of the car did not violate traffic laws and Officer Foust could not have seen the windows of the car. He argued the police should have preserved and produced the tape to him but allowed it to be recycled after 30 days. He also argued his counsel was ineffective because he did not try to obtain it.

The district court addressed claims (1) and (5) on the merits. It did so by considering three ineffective assistance claims—trial counsel's failure to (i) obtain the traffic camera tape, (ii) argue the government destroyed the tape, and (iii) contest the

-3-

constitutionality of Mr. Neal's seizure. The district court denied relief, concluding Mr. Neal had not shown either deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Mr. Neal has abandoned these claims here.

The district court also rejected claims (2), (3), and (4) as procedurally barred because Mr. Neal did not show why he failed to raise them on direct appeal. The court said his cursory reference to ineffective assistance did not show cause for failure to raise these issues and his petition lacked any explanation of how failure to appeal these issues prejudiced him. Mr. Neal limits his request for COA to these three claims.

## II. **DISCUSSION**

Mr. Neal now seeks a COA and argues the district court erred because it should have analyzed the claims for prosecutorial misconduct, selective law enforcement, and false testimony as ineffective assistance of counsel claims.

To consider Mr. Neal's appeal from the district court's denial of his § 2255 petition, we must grant a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where, as here, the district court dismissed the petition on procedural grounds, we will grant a COA only if the petitioner can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We have examined Mr. Neal's § 2255 motion and conclude, as the district court did, that his fleeting reference to "all claims Defendant asserts are due to the ineffective

-4-

assistance of counsel" and his failure to discuss prejudice do not overcome his failure to appeal the issues on which he now seeks a COA. No reasonable jurist could decide these issues can escape procedural bar from § 2255 review.

## III. **CONCLUSION**

We deny Mr. Neal's request for a COA, deny his request to proceed *ifp*, and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge