**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Adam G. VALENCIA, Defendant–Appellant.**

**No. 93CA1276.**

Colorado Court of Appeals, Div. V.

June 16, 1994.

Rehearing Denied July 14, 1994.

Certiorari Granted Feb. 13, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Thomas J. Hammond and Jonathan S. Willett, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Adam G. Valencia, appeals the 20–year sentence imposed following his guilty plea to first degree assault. He argues that the trial court violated the sentencing procedure mandated by § 16–11–102(1)(a), C.R.S. (1993 Cum.Supp.), because it proceeded to sentencing without information required by the statute. We reverse and remand for further proceedings.

Section 16–11–102(1)(a) provides in pertinent part:

> Each presentence report ... unless waived by the court, shall include, but not be limited to, information as to the defendant's family background, educational history, employment record, and past criminal record....

The generally accepted and familiar meaning of "shall" indicates that inclusion of the specified types of information is mandatory. See People v. District Court, 713 P.2d 918 (Colo.1986). Nonetheless, the statute also permits, without any statutory guidance, the trial court to waive this requirement.

Here, the presentence report did not contain any information regarding defendant's background other than his lack of prior criminal convictions, and the trial court, at the commencement of the sentencing hearing, commented that the report was "sketchy." Defense counsel indicated that defendant had misunderstood his instruction not to discuss the offense with the probation officer and had instead not spoken to the officer at all. In view of this miscommunication, counsel requested a continuance to enable defendant to provide the necessary information to the probation officer.

The trial court responded, without articulating the reasons, that it did not need the missing information in order to impose sentence. Thus, the court, in essence, waived the requirement that information concerning defendant's family background, educational history, and employment record be included in the presentence report.

Consequently, a letter presented at the hearing by defendant's father provided the court with its only information regarding family background prior to imposition of sentence.

■■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. Charnes v. Boom, 766 P.2d 665 (Colo.1988). To discern legislative intent, a court should look first to

the statutory language. *People v. Warner*, 801 P.2d 1187 (Colo.1990). Statutory words and phrases should be given effect according to their plain and ordinary meaning. And, the statute must be read and considered as a whole. *People v. District Court, supra.*

■ We conclude that the General Assembly did not intend to give absolute discretion to a court to comply or not to comply with what appear to be mandatory requirements of a presentence report. Furthermore, because the trial court did not set forth any reasons for its waiver, we conclude that defendant's presentence report did not comport with the requirements of § 16–11–102. Therefore, the sentence must be set aside.

The sentence is vacated, and the cause is remanded for the compilation of a presentence report in conformance with § 16–11–102(1)(a) and, subsequently, for the resentencing of defendant.

CASEBOLT, J., concurs.

STERNBERG, C.J., dissents.

Chief Judge STERNBERG dissenting.

Because of a miscommunication between defendant and his attorney, the presentence report was incomplete. I agree it would have been better practice for the trial court to have continued the sentencing hearing when it learned of this problem. Nevertheless, the statute gives the court the power to waive this requirement.

If, as here, the statutory language is clear and unambiguous, "judicial scrutiny is complete." *Jones v. Cox*, 828 P.2d 218, 221 (Colo.1992). Consequently, and especially in the absence of a showing of the importance and probative value of the information defendant would have presented, I would affirm the sentence.