**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Adam G. VALENCIA, Respondent.**

**No. 94SC486.**

Supreme Court of Colorado, En Banc.

Nov. 14, 1995.

---

12. The rental contract prohibited anyone under the age of twenty-one from driving the car.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Catherine P. Adkisson, Assistant Attorney General, Criminal Enforcement Section, Denver, for Petitioner.

Thomas J. Hammond, Denver, Jonathan S. Willett, Denver, for Respondent.

**1.** Our order granting certiorari set forth the following question for briefing and argument before the court: "Whether the plain language of section 16–11–102(1)(a), 8A C.R.S. (1994 Supp.), gives the trial court discretion to waive certain information otherwise required in a pre-sentence report."

**2.** Defendant, along with two accomplices, shot and robbed a taxi cab driver on February 21, 1993. Although shot twice and critically injured

Justice SCOTT delivered the Opinion of the Court.

The People asked that we review the judgment of the court of appeals in *People v. Valencia*, 888 P.2d 319 (Colo.App.1994). We granted certiorari to determine whether a trial court can use a presentence report that fails to contain information required by law to sentence a defendant.[1] In *Valencia*, the court of appeals vacated the sentence and remanded to the trial court "for the compilation of a presentence report in conformance with § 16–11–102(1)(a) and, subsequently, for the resentencing of defendant." *Id.* at 321. We conclude that section 16–11–102 permits the trial court to waive portions of the presentence report; however, the trial court must provide a justification for its waiver prior to imposing sentence. Therefore, we affirm.

## I

Because Adam G. Valencia participated in the armed robbery of a taxi cab driver,[2] he was charged with attempted aggravated robbery,[3] attempted first-degree murder,[4] and three counts of first-degree assault.[5] In accordance with a plea agreement, on May 27, 1993, the defendant entered a plea of guilty to one count of first-degree criminal assault; consequently, the People dismissed the remaining charges. The trial court accepted Valencia's plea and set the matter for sentencing.

On July 9, 1993, Valencia appeared with counsel for sentencing. At that hearing, Valencia's attorney informed the court that Valencia was 18 years old and that he had no prior criminal record. During the sentencing proceedings, Valencia's attorney also informed the court that the presentence report did not contain family background and relat-

in a senseless crime, the cab driver survived the assault.

**3.** §§ 18–2–101 and 18–4–302(b), 8B C.R.S. (1986).

**4.** §§ 18–2–101 and 18–3–102(1)(b), 8B C.R.S. (1986).

**5.** § 18–3–202, 8B C.R.S. (1986).

ed information enumerated in section 16–11–102(1)(a), 8A C.R.S. (1995 Supp.).[6] The presentence report was incomplete, at least in part, because the defendant declined to provide certain information to the probation department.[7] The presentence report did not include family background, educational history, and employment record information. Defense counsel requested a continuance of sentencing in order to allow the probation officer to complete the presentence report. The trial court denied Valencia's request, stating that it did not need the missing information in order to impose a sentence. Nonetheless and without a complete presentence report, the trial court imposed a twenty-year sentence.

The defendant appealed his sentence to the court of appeals. He argued that the trial court's denial of his request for a continuance and its reliance upon an incomplete presentence report constituted error and required that his sentence be vacated. The court of appeals reversed and vacated the sentence.

## II

### A

Section 16–11–102(1)(a), 8A C.R.S. (1995 Supp.), requires the preparation of a presentence report prior to the imposition of sentence. *People v. Wright,* 672 P.2d 518, 521 (Colo.1983). Section 16–11–102(1)(a) provides in relevant part:

> Following ... a plea of guilty ... the probation officer shall make an investigation and written report to the court before the imposition of sentence. Each presentence report shall include a substance abuse assessment or evaluation made pursuant to article 11.5 of this title and, unless waived by the court, shall include, but not be limited to, information as to the defendant's family background, educational history, employment record, and past criminal record; an evaluation of the alternative dispositions available for the defendant; the information required by the court pursuant to section 16–11–204.5; a victim impact statement; and such other information as the court may require.

By its terms, section 16–11–102(1)(a) requires the preparation of a presentence report "before imposition of sentence." It also sets forth specific information that must be included in the report, i.e., family background, educational history, employment record, and other information, "unless waived by

---

6. The sentencing hearing consists of eleven pages of transcript. During the hearing, Valencia's attorney attempted to call upon Valencia's mother and step-father to provide information to the court before imposing of sentence. At that time, the following colloquy occurred:

  THE COURT: I don't take testimony at sentencings, Mr. Hammond. You practiced in here day in and day out for three years. You ought to know that by now.

  MR. HAMMOND: Your Honor, I'm not asking for you to take testimony.

  THE COURT: Look, the law requires me to let you say your piece, let the client say his piece, let the DAs say their piece, and the victims say their piece, and that's what I do in each and every case, Mr. Hammond. So go ahead and tell me what you want to tell me.

  MR. HAMMOND: I understand that, Your Honor. I'm trying to supplement the presentence report, to the best of my ability.

  THE COURT: Go ahead.

  MR. HAMMOND: I'd like to call Mr. Valencia.

  THE COURT: I don't need to hear it from somebody else. You're his lawyer.

  MR. HAMMOND: *I can't tell what the guy did for the first 17 years of his life.* That's why I'm

asking for his parents to address the Court. If the Court wants to deny that, that's fine.

  THE COURT: I thought I already did.

(Emphasis added.) From the limited record before us, it appears that the court was aware that Valencia wanted to provide information concerning his family background, educational history, and employment record. However, the court refused to allow witnesses to testify or potential witnesses to make statements. Apparently, the trial judge would only accept information from the attorney who candidly admitted that he did not know what Valencia had done during his life.

7. Defense counsel explained to the court that Valencia misconstrued his attorney's instructions. Counsel stated that Valencia misunderstood counsel's admonition not to discuss his case with others as directions not to cooperate with his probation officer. As a result, Valencia withheld background information that should have been in the report. Although Valencia's original effort to withhold information had been intentional, he was prepared to cooperate and provide the information necessary to complete the presentence report.

the court." It is the language of section 16–11–102(1)(a) that informs our review here.

When interpreting statutes we must give full effect to the intent of the legislature. *Charnes v. Boom,* 766 P.2d 665, 667 (Colo.1988). To determine legislative intent, we look first to the words used. *People v. Warner,* 801 P.2d 1187, 1190 (Colo.1990). The words and phrases used must be read in context and accorded their plain and ordinary meaning. § 2–4–101, 1B C.R.S. (1980); *Bertrand v. Board of County Comm'rs,* 872 P.2d 223, 228 (Colo.1994); *Scoggins v. Unigard Ins. Co.,* 869 P.2d 202, 205 (Colo.1994).

**B**

The information provided in a presentence report is of great importance to the trial judge's ultimate sentencing decision. *Wright,* 672 P.2d at 521. This fact is ensconced in section 16–11–102(1)(a), which requires that the "probation officer shall make an investigation and written report to the court *before* the imposition of sentence." (Emphasis added.)

The plain language of section 16–11–102(1)(a) makes clear that the General Assembly did not consider the form of a presentence report an absolute requirement. Instead, the General Assembly granted the trial court discretion to waive certain requirements of the presentence report. Section 16–11–102(1)(a) expressly provides that "[e]ach presentence report . . . unless waived by the court, shall include . . . information as to the defendant's family background, educational history, employment record, and past criminal record. . . ." The statute permits a court to waive the enumerated information otherwise required in the presentence report. The statute, however, does not provide guidance as to the exercise of that discretionary authority.

Our statutes provide and we have previously held that a defendant has the right to appellate review of his sentence "and the manner in which the sentence was imposed, *including the sufficiency and accuracy of the information on which it was based.*" § 18–

1–409(1), 8B C.R.S. (1995 Supp.) (emphasis added); *see also People v. Horne,* 619 P.2d 53, 59 (Colo.1980). An appellate court cannot determine whether the sentence imposed upon a defendant is proper and within the trial court's discretion without specific findings. *Horne,* 619 P.2d at 60.

The plain language of section 16–11–102(1)(a) grants the trial court discretion to impose sentence without certain information otherwise required in the presentence report. However, the exercise of that discretion is not absolute and is subject to review by an appellate court for abuse of discretion. In order to determine whether the trial court abused its discretion when it waived the inclusion of information otherwise required in a presentence report, a reviewing court must have a record that indicates the trial court's justification or rationale.

The instant case reflects an unclear exercise of discretion. Although the trial court decided to impose sentence using an incomplete presentence report, it did not indicate its basis for doing so. If the trial court imposed sentence because the information regarding the defendant's education, employment history, and family background was available from a source other than the presentence report, then the imposition of sentence would be sustainable. Likewise, if the defendant knowingly refused to cooperate with the probation officer's investigation and preparation of a complete presentence report, a trial court could not be faulted for proceeding with an incomplete report. However, the record here does not provide an explanation for the trial court's willingness to impose sentence without a presentence report disclosing family background, educational history, and employment record.[8] Without its justification for proceeding, we cannot determine whether the trial court acted in accordance with the discretion granted by section 16–11–102(1)(a).

When a trial court exercises its authority to waive the requirements of section 16–11–102(1)(a), it should set forth a sufficient basis or justification for its decision on

---

**8.** Although the court was provided a letter disclosing some family information, the record is unclear as to whether the court reviewed the letter before imposing sentence.

the record, thereby, permitting adequate review on appeal. While a sentencing judge has wide discretion, that discretion is not unlimited and "the record must establish a clear justification for the trial judge's action." *Horne*, 619 P.2d at 59. Because the trial court did not set forth its basis for waiving the presentence report, it is not possible to conduct a review of its action and determine whether the trial court abused its discretion. The trial court failed to make the requisite findings that would permit a review of its ruling. We therefore conclude that its waiver of certain information otherwise required in the presentence report is ineffective.

### III

Accordingly, we affirm the judgment of the court of appeals vacating the sentence of the trial court. We return this case to the court of appeals with directions that it remand the case to the trial court with instructions to conduct further sentencing proceedings consistent with the views expressed in this opinion.

VOLLACK, C.J., dissents, and ERICKSON and KOURLIS, JJ., join in the dissent.

ERICKSON, J., dissents.

Chief Justice VOLLACK dissenting:

The majority affirms the court of appeals' judgment vacating the sentence of the trial court. The majority holds that a trial court must set forth its basis for waiving certain information in a presentence report in order for such waiver to be effective pursuant to section 16–11–102(1)(a), 8A C.R.S. (1995 Supp.). I dissent because section 16–11–102(1)(a) grants trial courts the discretion to waive background information in a presentence report and does not require courts to set forth justification for exercising such discretion. Absent a clear abuse of discretion, I would uphold the trial court's waiver of background information in the presentence report.

### I.

On February 21, 1993, the defendant, Adam G. Valencia, engaged in an armed robbery of a Denver taxi cab driver. During the course of the robbery, Valencia shot the cab driver twice, once in the arm and once in the chest. The cab driver recovered from his wounds after a lengthy hospitalization involving surgery and extensive physical therapy. Valencia was consequently charged with attempted aggravated robbery, attempted first-degree murder, and three counts of first-degree assault. In exchange for the defendant's plea of guilty to one count of first-degree assault, the prosecution dismissed the remaining charges. After accepting the defendant's plea, the trial court ordered a presentence report and investigation.

When a probation officer attempted to interview Valencia to complete the presentence report, Valencia refused to speak with the probation officer.[1] At Valencia's sentencing hearing, defense counsel requested a continuance of sentencing in order to complete the presentence report. The trial court denied the request for a continuance, stating that it had enough information to proceed with sentencing. After hearing from the defendant, defense counsel, the victim, and the district attorney, in addition to accepting a letter from the defendant's stepfather, the trial court sentenced the defendant to twenty years in the custody of the Department of Corrections.

The defendant appealed the sentence, asserting that the trial court violated section 16–11–102(1)(a) by denying his request for a continuance and proceeding to sentencing without the information outlined in the statute. The court of appeals concluded that section 16–11–102(1)(a) did not give a trial court absolute discretion to waive the statutorily required information. The court of appeals thus vacated the sentence and remanded to the trial court for compilation of a presentence report in accordance with the statute.

---

1. Valencia states that his attorney had advised him not to discuss the offense with the probation officer, but Valencia misunderstood such advice

to mean that he was to remain completely silent, even about his background information.

## II.

The majority acknowledges that "section 16–11–102(1)(a) grants the trial court discretion to impose sentence without certain information otherwise required in the presentence report." Maj. op. at 118. The majority asserts, however, that "a trial court exercising its authority to waive the [statutory] requirements ... should set forth on the record a sufficient basis or justification for its decision." *Id.* This assertion that a trial court must set forth its basis for waiver is not supported by the language of the statute.

Section 16–11–102(1)(a) provides:

[T]he probation officer shall make an investigation and written report to the court before the imposition of sentence. Each presentence report shall include a substance abuse assessment or evaluation ... and, unless waived by the court, shall include, but not be limited to, information as to the defendant's family background, educational history, employment record, and past criminal record....

It is well settled that appellate courts should give effect to legislative intent and not impute their own meaning to otherwise clear statutory language. *People v. White,* 870 P.2d 424, 445 (Colo.), *cert. denied,* —— U.S. ——, 115 S.Ct. 127, 130 L.Ed.2d 71 (1994); *People v. Schuett,* 833 P.2d 44, 47 (Colo.1992). To discern legislative intent, a court should look first to the statutory language, *People v. Warner,* 801 P.2d 1187, 1190 (Colo.1990), and give statutory words and phrases effect according to their plain and ordinary meaning, *People v. District Court,* 713 P.2d 918, 921 (Colo.1986).

According to section 16–11–102(1)(a), a presentence report is mandatory before a trial court may impose a sentence on a criminal defendant. However, information such as family, educational, and employment background is not mandatory and the statute specifically grants trial courts the authority to waive inclusion of such information. Trial courts may presumably exercise this authority, and absent statutory language directing trial courts to provide justification for waiver, such a requirement should not be imposed by appellate courts.[2]

If the legislature had intended for trial courts to set forth justification for waiving background information in presentence reports, the legislature could have easily included language to that effect. Prior to 1991, section 16–11–102(1) provided:

Each presentence report shall include, but not be limited to, information as to the defendant's family background, educational history, employment record, and past criminal record....

§ 16–11–102(1), 8A C.R.S. (1986). The statute was amended in 1991 to add the phrase "unless waived by the court," in reference to inclusion of background information.[3] This amendment shows a clear legislative intent to grant trial courts the discretion to waive certain background information, and the amendment does not include restrictive language directing courts to set forth the basis for waiver. Because the legislature did not include such directions in the amendment when it could have easily done so, the statute should not be construed as including such directions.

## III.

On appellate review, the decision of the sentencing court must be accorded deference because a trial judge has broad discretion when imposing a sentence. *People v. Fuller,* 791 P.2d 702, 708 (Colo.1990). A trial judge's decision to exclude evidence in a sentencing hearing will not be reversed absent an abuse of discretion. *People v. Borrego,* 774 P.2d 854, 856 (Colo.1989). Hence, the standard of review in this case is whether the trial court abused its discretion in waiving the presen-

---

**2.** The majority correctly states that "[a]n appellate court cannot determine whether the sentence imposed upon a defendant is proper and within the trial court's discretion without specific findings." Maj. op. at 118. However, requiring a trial court to make findings for imposing a sentence is different from requiring that court to set forth its basis for waiving certain information in a presentence report. In this case, the trial court complied with the requirement to make findings in support of the sentence imposed on the defendant.

**3.** Act approved May 29, 1991, ch. 82, sec. 1, 1991 Colo.Sess.Laws 436, 436.

tence report information outlined in section 16–11–102(1)(a). *See, e.g., White*, 870 P.2d 424, 455 (refusing to reverse a trial court's decision to exclude evidence in a sentencing hearing absent an abuse of that discretion); *Montoya v. People*, 864 P.2d 1093, 1095 (Colo.1994) (applying the abuse of discretion standard in reviewing a trial court's sentence); *Fuller*, 791 P.2d at 708 (stating that a trial judge has broad discretion when imposing a sentence and the sentence imposed should not be overturned absent a clear abuse of discretion).

The majority holds that an appellate court cannot determine whether the trial court abused its discretion in waiving the information outlined in section 16–11–102(1)(a) because the court did not set forth its basis for such waiver. To the contrary, the information available to the sentencing court in this case provides ample grounds for an appellate court to determine whether the trial court abused its discretion. Although information regarding Valencia's family, educational, and employment background may have been helpful in imposing his sentence, the trial court acted well within its discretion in declining to grant a continuance to allow inclusion of such information in the presentence report. In this case, the record indicates that the trial court was cognizant of both mitigating and aggravating factors when it determined that a twenty-year sentence was appropriate.

In mitigation, the sentencing judge heard from the defendant and the defense counsel, and accepted a letter from the defendant's stepfather. The court also knew some background information, such as the fact that the defendant had come from a broken home, that his mother was seriously ill, and that he had the support of his parents. However, the judge was also aware of aggravating factors which contributed to Valencia's sentence. Valencia had engaged in a violent and unprovoked crime which resulted in serious bodily injury and permanent damage to his victim. Moreover, Valencia pleaded guilty to first-degree assault and thus was subject to a mandatory aggravated sentence of sixteen to thirty-two years.[4] Taking all mitigating and aggravating circumstances into account, the trial court imposed a low-range sentence of twenty years. Pursuant to section 16–11–102(1)(a), it is within the trial court's discretion to determine the background information necessary in a presentence report for imposing an appropriate sentence. In light of the information available to the sentencing court in this case, the court did not abuse its discretion in waiving the defendant's background information.[5]

## IV.

Because section 16–11–102(1)(a) grants trial courts the discretion to waive certain information in a presentence report and does not require courts to set forth justification for exercising such discretion, I dissent. In the absence of a clear abuse of discretion, I would uphold the trial court's waiver of the defendant's background information in his presentence report.

I am authorized to say that Justice ERICKSON and Justice KOURLIS join in this dissent.

Justice ERICKSON dissenting:

I join Chief Justice Vollack's dissent.

4. If a defendant is convicted of assault in the first degree for an assault involving serious bodily injury which he himself caused while attempting to commit robbery, the sentencing court is required to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term. § 18–3–202(2)(d), 8B C.R.S. (1986); § 16–11–309(1)(a), 8A C.R.S. (1986). Based on a presumptive range of four to sixteen years imprisonment, as provided in § 18–1–105(1)(a)(IV), 8B C.R.S. (1986), the mandatory aggravated range is sixteen to thirty-two years.

5. It has been long established that a trial court need not grant a continuance in a criminal case unless the application for continuance shows that due diligence was used in attempting to obtain the necessary information. *Wilson v. People*, 3 Colo. 325 (1877). Here, the defendant did not show due diligence in providing his background information and instead refused to speak with the probation officer seeking to interview him. Thus, the defendant cannot benefit from creating the situation in which his background information is missing from the presentence report.

The defendant refused to provide information or talk to the probation officer when he was contacted at the county jail. He cannot complain that the presentence report is incomplete because of his failure to talk or provide the probation officer with the information set forth in section 16–11–102(1)(a), 8A C.R.S. (1994 Supp.).

The right to allocution afforded the defendant with the opportunity to present any mitigating facts or circumstances prior to the imposition of sentence. Defense counsel, by way of allocution, described the defendant's participation in the offense, the defendant's remorse, and submitted a letter from the defendant's father, which described the defendant's family history and background. The defendant also was permitted to explain how the offense occurred and to advise the court of his remorse and regrets. The victim also appeared at the sentencing hearing and said that the defendant shot him twice and that he was hospitalized for six weeks. The victim underwent open heart surgery to repair the damage caused by the gunshot wound and had extensive surgery on his arm to avoid the necessity of amputation. The seriousness and gravity of the offense supports the sentence imposed.

The defendant's refusal to talk to the probation officer waived the statutory requirements for the inclusion of family history and background in the presentence report. The letter from the defendant's father provided the court with the defendant's family history.

Accordingly, for the reasons set forth in Chief Justice Vollack's dissent, I would reverse the court of appeals and affirm the sentence imposed by the trial judge.