24CA0207 Peo v Haskin 12-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0207
Mesa County District Court Nos. 20CR842 & 21CR995
Honorable Bryan J. Flynn, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jack Alfred Haskin,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE MOULTRIE
Tow and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

Philip J. Weiser, Attorney General, Caitlin E. Grant, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kirstiana Perryman, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Jack Alfred Haskin, appeals the district court's order revoking his probation and resentencing him to the custody of the Department of Corrections (DOC).  We affirm.

I.     Background

¶ 2     In 2022, Haskin entered into a combined plea agreement to resolve charges from several cases, including a 2020 case in which he was charged with felony identity theft, felony forgery, and misdemeanor theft, and a 2021 case in which he was charged with two counts of felony possession of a weapon by a previous offender.[1] In the combined plea agreement, Haskin pleaded guilty to felony identity theft, one count of felony possession of a weapon by a previous offender, and misdemeanor unauthorized use of a financial device.

¶ 3     In August 2022, the district court accepted Haskin's plea and sentenced him to two years of probation as agreed by the parties, to run concurrently on each felony.

¶ 4     In 2023, Haskin's probation officer filed a probation revocation complaint.  The complaint alleged that Haskin had violated several

_____

[1] Haskin's plea agreement additionally resolved two other cases not before us on appeal.

1

terms and conditions of supervision requiring him to comply with substance use testing and treatment. Following a hearing held on December 14, 2023 (violation hearing), the district court found that Haskin had violated the conditions of his probation.

¶ 5 At a separate hearing on December 18, 2023 (resentencing hearing), the court revoked Haskin's probation and resentenced him to a three-year term in the DOC for the 2020 case and an eighteen-month term in the DOC followed by a year of parole for the 2021 case, to run concurrently.

¶ 6 On appeal, Haskin contends that the court erred by (1) finding that the prosecution presented sufficient evidence to establish that he violated his probation; (2) interpreting Colorado's probation revocation statute, § 16-11-206(5), C.R.S. 2025, to require resentencing within seven days of finding a probation violation; and (3) failing to order a presentence investigation report (PSIR) before resentencing. We address each contention in turn.

II.    Sufficiency of Probation Violation Evidence

¶ 7 Haskin argues that the prosecution didn't present sufficient evidence that he violated a condition of his probation that required

2

him to submit to drug testing as directed by his probation officer. We aren't persuaded.

### A. Additional Facts

¶ 8 At the violation hearing, the probation officer testified that Haskin had tested positive on drug and alcohol tests, although he couldn't remember what substances Haskin tested positive for. The probation officer also testified that Haskin failed to submit to drug testing on "several dates" and failed to complete substance abuse treatment. The court received as an exhibit the probation officer's report detailing Haskin's progress while on probation. As relevant here, the report indicated that Haskin tested positive for methamphetamine on June 9, 2023. The report also indicated that Haskin had missed drug tests on September 6, 2023, September 19, 2023, October 2, 2023, and October 17, 2023.

¶ 9 Ultimately, the district court found that the prosecution had established that Haskin hadn't complied with multiple conditions of his probation. Noting that the probation officer's testimony was credible and undisputed, the court found that the prosecution had proved the following relevant violations based on the testimony and the probation report:

- Haskin used methamphetamine;

- Haskin failed to submit to required drug testing on four occasions between early September 2023 and mid-October 2023, as specified in the report; and

- Haskin failed to cooperate with and report for substance abuse treatment as directed.

### B.    Applicable Legal Principles

¶ 10    "Probation is a privilege, not a right," and may be revoked if a probationer violates any condition of probation. *People v. Howell*, 64 P.3d 894, 896 (Colo. App. 2002). Where a probation violation doesn't involve the commission of a criminal offense, the prosecution must establish a defendant's violation of the condition by a preponderance of the evidence. § 16-11-206(3).

¶ 11    Whether a person has violated the terms of their probation is a factual determination for the court. *People v. Elder*, 36 P.3d 172, 173 (Colo. App. 2001). If the court finds that a violation has occurred, it has the discretion to decide whether probation should be revoked. *Id.*; *Howell*, 64 P.3d at 896. We won't disturb a court's finding of a violation "merely because there is a conflict in the evidence," *Howell*, 64 P.3d at 897, or substitute our judgment for

that of the district court if the evidence sufficiently supports a finding of a violation, *see People v. Moses*, 64 P.3d 904, 908 (Colo. App. 2002). Likewise, we won't disturb a decision to revoke probation unless the district court's judgment is "against the manifest weight of the evidence."[2] *Elder*, 36 P.3d at 174.

¶ 12    Any single probation violation can justify a court's decision to revoke probation, and where a court bases revocation on multiple violations, the revocation remains valid as long as one violation is sustained. *People v. Loveall*, 231 P.3d 408, 416 (Colo. 2010).

---

[2] We disagree with the parties that Haskin's sufficiency of the evidence claim is subject to de novo review. The supreme court has made clear that probation revocation proceedings are fundamentally different than preconviction criminal proceedings. *See Byrd v. People*, 58 P.3d 50, 55-57 (Colo. 2002); *see also People ex rel. Gallagher v. Dist. Ct.*, 591 P.2d 1015, 1017 (Colo. 1978) ("[A] probation revocation order operates . . . primarily as a reassessment of the correctness of the original sentence."). We have found no authorities supporting the proposition that de novo review applies in the probation revocation context, and the cases cited by the parties — *People v. Harrison*, 2020 CO 57, ¶ 31 (reviewing de novo the sufficiency of the evidence to support a conviction); *McCoy v. People*, 2019 CO 44, ¶ 27 (same); and *Adair v. People*, 651 P.2d 389, 391 (Colo. 1982) (applying abuse of discretion standard to review revocation of deferred judgment) — are inapposite.

## C.    Analysis

¶ 13    Haskin asserts that the court erred because the prosecution didn't provide evidence that the probation officer ordered him to take drug tests on the specific dates that he allegedly missed.  We disagree.

¶ 14    The probation report indicated that, in April 2023, Haskin's probation officer placed Haskin on a call-in schedule to complete drug testing.  Haskin reportedly reviewed and acknowledged the instructions for completing his drug testing on a call-in basis.  One month later, the probation officer again provided Haskin with instructions for completing his drug testing on a call-in basis.  The probation report noted that, as of June 2023, Haskin "continued to miss" calling in to complete his drug tests.  Similarly, for September and October 2023, the probation report indicated that Haskin continued not to report for drug testing.  Considering the evidence as a whole, it can reasonably be inferred that the specific dates on which Haskin was alleged to have missed drug tests are dates that he was required to submit to testing under the call-in procedure.

¶ 15    And because the record reflects that Haskin failed to follow through with the call-in drug testing procedure as directed by the

probation officer, we aren't persuaded that the evidence was insufficient to support the court's finding that Haskin failed to comply with this condition of his probation.

¶ 16     In any event, Haskin doesn't challenge the evidence supporting the court's findings that he violated other conditions of his probation. Thus, because the district court's findings that Haskin violated one or more conditions of probation have record support, we won't disturb them or the order of revocation. *See Loveall*, 231 P.3d at 416.

### III.    The Seven-Day Resentencing Deadline in Colorado's Probation Revocation Statute

¶ 17     Haskin contends that the district court erred when it "interpreted Colorado's probation revocation statute to require resentencing within seven days of finding a probation violation." We discern no error.

### A.    Additional Facts

¶ 18     After the district court found at the violation hearing that Haskin had violated certain conditions of his probation, the court asked the parties how they wanted to proceed with Haskin's resentencing.

¶ 19    Defense counsel stated that the probation revocation statute, § 16-11-206(5), required the court to decide whether to revoke Haskin's probation within seven days, but that it didn't require the court to sentence Haskin within those seven days if it decided to revoke his probation.  The prosecutor said that she read the statute as requiring resentencing within seven days.

¶ 20    The court agreed with the prosecutor, noting that it was required "to revoke or reinstate probation within seven days," but that either the defendant or the prosecution could waive that requirement.  Defense counsel responded that Haskin would "waiv[e] the right to be resentenced within seven days to the extent it exists," but the court noted that the prosecution hadn't agreed to waive that right.  After defense counsel said she wasn't ready to proceed to immediate resentencing, the court set the resentencing hearing within seven days.  The court said that it would decide at the resentencing hearing whether to revoke Haskin's probation.

¶ 21    At the resentencing hearing, held four days after the violation hearing, the court revoked Haskin's probation and resentenced him.

## B.     Applicable Legal Principles

¶ 22     Colorado's probation revocation statute provides mandatory requirements for a court's actions following a probation revocation. As relevant here, the statute states,

> If the court determines that a violation of a condition of probation has been committed, it shall, within seven days after the . . . hearing, either revoke or continue the probation.  If probation is revoked, the court may then impose any sentence or grant any probation . . . which might originally have been imposed or granted.

§ 16-11-206(5).  Additionally, after revoking a defendant's probation, a district court "may immediately resentence a defendant without holding a new sentencing hearing." *McCarty v. People*, 874 P.2d 394, 396 (Colo. 1994).  That is, the decision of whether to hold a resentencing hearing following a probation revocation is within the court's discretion.  *Id.* at 400.

## C.     Analysis

¶ 23     Contrary to the position taken by the prosecutor at the resentencing hearing, on appeal, the People agree with Haskin that the seven-day timeframe in section 16-11-206(5) applies only to the court's determination of whether to revoke a defendant's probation,

not to its determination of when resentencing must occur once the defendant's probation is revoked. And the People assert that the court complied with the statute because it "set another hearing within seven days to decide whether to revoke [Haskin's] probation once it determined [Haskin] violated his probation terms." We agree with the People.

¶ 24    The record reflects that at the violation hearing, the court found that Haskin had violated the conditions of his probation but didn't revoke Haskin's probation at that time. Instead, the court expressly revoked Haskin's probation at the resentencing hearing four days later and imposed a prison sentence in the DOC. Moreover, the court had discretion to proceed to immediate sentencing during the same hearing at which it revoked Haskin's probation. *See McCarty*, 874 P.2d at 396. Regardless, therefore, of the accuracy of the court's statements about when resentencing was required to occur under section 16-11-206(5), we discern no error in its procedure.

## IV.    Presentence Investigation Report

¶ 25    Haskin contends that the district court erred by denying his request that a PSIR be completed before resentencing.  We conclude that any error was harmless.

### A.    Additional Facts

¶ 26    At the violation hearing, defense counsel requested that the probation officer prepare a PSIR under section 16-11-102, C.R.S. 2025 (presentence investigation statute), to determine whether Haskin was eligible for a community corrections program.  The court denied Haskin's request, finding that the presentence investigation statute wasn't applicable to Haskin's probation revocation resentencing.

¶ 27    At the resentencing hearing, defense counsel requested that the court consider sentencing Haskin to a two-year term in the DOC.  Counsel acknowledged that Haskin "struggles with substance abuse addiction" but argued that the court should consider a shorter term of incarceration because documentation of Haskin's medical history submitted at the violation hearing and resentencing hearing indicated that Haskin suffers from strokes, seizures, and executive functioning issues.  Defense counsel further

provided the court with information about Haskin's education level and existing family and community support. The court then gave Haskin an opportunity to speak, at which point Haskin admitted he needed "help with [his] addiction."

¶ 28    In its sentencing ruling, the court considered the nature and circumstances of Haskin's offenses, deterrence considerations, protection of the public, and Haskin's character and potential for rehabilitation. Noting that Haskin had six felony convictions, one of which was "a very dangerous crime for the community," the court resentenced Haskin to three years in the DOC.

## B.    Applicable Legal Principles

¶ 29    Colorado's presentence investigation statute provides, in relevant part, that "following a finding of guilt on [a felony other than a class 1 felony] where the issues were tried to the court . . . , the probation officer shall make an investigation and written report to the court before the imposition of sentence." § 16-11-102(1)(a)(I).

¶ 30    The presentence investigation statute further provides,

> Each presentence report must include a substance abuse assessment or evaluation . . . and, unless waived by the court, must include . . . information as to the defendant's family background, educational history,

employment record, and past criminal record . . . ; an evaluation of the alternative dispositions available for the defendant; . . . and such other information as the court may require.

*Id.* Crim P. 32(a)(1)(I)(a) similarly requires that a probation officer create a PSIR before the imposition of a sentence "[i]n any case in which the defendant is to be sentenced for a felony and the court has discretion as to the punishment."

¶ 31 Subject to exceptions not applicable here, the court "may dispense with the presentence examination and report" upon the agreement of the defendant and the prosecution. § 16-11-102(4); Crim. P. 32(a)(1)(II). And the supreme court has concluded that the plain language of section 16-11-102(1)(a) grants a district court "discretion to waive certain requirements" of the PSIR if the information that would normally appear in a PSIR is available from another source. *People v. Valencia*, 906 P.2d 115, 118 (Colo. 1995).

¶ 32 We therefore review the district court's decision to resentence Haskin without a PSIR for an abuse of discretion. *See id.* A district court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, or if its decision is based on an erroneous understanding or application of the law. *People v. Kendrick*, 2017

CO 82, ¶ 36.  When an abuse of discretion occurs, we will only reverse if the court's error affected the defendant's substantial rights.  *See* Crim. P. 52(a).

### C.  Analysis

¶ 33      The parties disagree whether a PSIR is required when a person is resentenced after a probation revocation.  Neither party alerts us to, nor have we found, any directly applicable case law.  However, we need not resolve this dispute because, as we next discuss, any error by the court in not ordering a PSIR was harmless.  *See* Crim.P. 52(a).

¶ 34      At the resentencing hearing, defense counsel provided the court with information about Haskin's educational background, family and community support, and medical needs.  Haskin provided additional information about his background and needs when he spoke directly to the court, and the court reviewed Haskin's criminal history and the probation report.

¶ 35      Although Haskin argues he was harmed because the lack of a PSIR "reduced his likelihood of being accepted to a community corrections program," Haskin didn't request that the court consider sentencing him to a community corrections program at the

resentencing hearing; instead, he asked the court to consider a two-year DOC sentence, which was on the lower end of the prosecution's request for a two- to six-year DOC sentence. Moreover, Haskin's assertion that a PSIR would have supported his chances of being accepted into community corrections is conclusory. The court maintained its discretion to refer or directly sentence Haskin to a community corrections program, regardless of whether a PSIR was completed. *See* § 18-1.3-301(1)(a),(b), C.R.S. 2025 (a court's authority to refer or sentence a defendant to community corrections is not premised on its receipt of a PSIR); *see also* § 16-11-102(1)(a)(II) (requiring PSIRs to contain a statement that "[a] defendant's eligibility for community corrections or parole does not necessarily mean that community corrections or parole will be granted").

¶ 36    Here, the court was familiar with the case and explicitly considered Haskin's health issues, including his substance use disorder and his failure to engage in substance treatment while on probation, before determining a term in the DOC was the most appropriate sentence. Haskin thus fails to specify the effect that any additional information provided by a PSIR would have had on

the court's sentencing decision beyond the conclusory allegation that it denied Haskin "the opportunity to have the court's decision guided by" a PSIR. *See People v. Martinez*, 32 P.3d 520, 532 (Colo. App. 2001) (concluding that error in sentencing a defendant without a PSIR was harmless given, in part, the defendant's failure to allege on appeal how he was prejudiced by the absence of a PSIR), *abrogated on other grounds by, People v. Johnson*, 121 P.3d 285 (Colo. App. 2005), *rev'd*, 142 P.3d 722 (Colo. 2006).

¶ 37     Accordingly, we conclude that any error in sentencing Haskin without a PSIR was harmless.

## V.     Disposition

¶ 38     The order revoking Haskin's probation and resentencing him is affirmed.

JUDGE TOW and JUDGE LUM concur.