The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

John Edwin STRATTON, Defendant-Appellant.

No. 81CA0441.

Colorado Court of Appeals, Div. I.

Aug. 18, 1983.

Rehearing Denied Sept. 15, 1983.

Certiorari Denied Jan. 23, 1984.

Nolan L. Brown, Dist. Atty., Terence A. Gillespie, Golden, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Gerald E. Piper, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

The defendant, John Edwin Stratton, was charged by information with theft of $10,-000 or more, and convicted of the lesser included charge of theft in the amount of $200 or more, but less than $10,000. On appeal, Stratton challenges the propriety of combining several acts into one count and the sufficiency of the information. We affirm.

The information alleged that:

"[B]etween the 1st day of July, 1978 and the 20th day of January, 1980, in the County of Jefferson, State of Colorado, JOHN EDWIN STRATTON did unlawfully and feloniously and knowingly commit the crime of theft by unlawfully taking and exercising control over a thing of value, to-wit: U.S. currency, with the value of ten thousand dollars or more from Mitch's Shoes, Inc., DBA Mitch's Redwing Shoes, and N. Bruce Mitchell and Shirley Mitchell ...."

The pertinent portions of the bill of particulars, which was filed in response to Stratton's motion and court order therefor, stated:

"2. The People are alleging that the theft occurred as a continuing transaction between July 29, 1978 and January 19, 1980;

. . . . .

4. The manner in which the money was taken was by but not limited to selling of approximately 148 pair of shoes to the customer, giving the customer a false receipt, pocketing the money and then hiding the sale of the shoes by passing the cost of said shoes through the perpetual cost inventory, by pocketing monies collected from customers for shoe repairs done but never billed to the company, by taking monies from customers under institutional sales and pocketing the difference between what the store would receive from the customer and the institution, and by cashing checks and never depositing funds meant for Mitch's Red Wing Shoes."

I.

Stratton contends that the trial court erred by refusing either to dismiss the felony theft count or to sever it into separate counts. Stratton argues that the prosecutor improperly combined three distinct counts of theft which should have been prosecuted separately under the six-month provision of the theft statute, § 18–4–401(4), C.R.S. 1973 (1978 Repl. Vol. 8). We disagree.

It is axiomatic that a defendant should be tried only for the offense with which he has been charged. *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). However, where peculations are committed pursuant to a single criminal impulse in execution of a single fraudulent scheme which constitutes a single embezzlement, they may be combined into one count and need not be prosecuted under the six-month provision of the theft statute. *See Gill v. People,* 139 Colo. 401, 339 P.2d 1000 (1959).

The four methods of taking money as set forth in the bill of particulars occurred continually throughout the 18-month period and were made possible by Stratton's exclusive control of the shoe store and responsibility for the bookkeeping. The acts can only be explained as the manifestation of Stratton's general plan to embezzle from his employer.

Because Stratton's acts constituted a continuous ongoing scheme of embezzlement, inferentially pursuant to a single criminal impulse, and the victim of the scheme was the same throughout, we conclude that the trial court did not err in refusing to dismiss the count or sever it into separate counts.

## II.

With respect to the sufficiency of the information, Stratton contends that (1) the facts specifying the manner in which the money was taken, as set forth in the bill of particulars, were insufficient to enable him to prepare a proper defense rendering the information insufficient; and (2) the information and the bill of particulars failed to allege a "day certain" as required by § 18–4–401(6), C.R.S. 1973 (1978 Repl. Vol. 8). We disagree.

Section 18–4–401(6), C.R.S. 1973 (1978 Repl. Vol. 8), provides that an information shall be sufficient if it alleges that "on or about a day certain, the defendant committed the crime of theft by unlawfully taking a thing or things of value of a person or persons named in the . . . information. The prosecuting attorney shall at the request of the defendant provide a bill of particulars".

■ Under the theft statute, the charges set forth in the information may not be sufficiently definite to enable the defendant to prepare a defense. Therefore, the statute requires an order for a bill of particulars upon the defendant's request. *See People v. District Court,* 198 Colo. 501, 603 P.2d 127 (1979).

■ The purpose of a bill of particulars is to define more specifically the offense charged; however, a detailed expose of the evidence upon which the prosecution intends to rely is not required. *Balltrip v. People,* 157 Colo. 108, 401 P.2d 259 (1965). Rather, the facts expected to be proven by the prosecution must be divulged in the bill of particulars, and proof at trial is thereby limited to those facts. *People v. District Court, supra.*

■ Although the bill of particulars contained the language "but not limited to," which was apparently designed to allow the introduction of evidence relating to facts not set forth therein, the record reveals that none was offered by the prosecution or admitted. Stratton has shown no prejudice resulting from the inclusion of this language in the bill of particulars. The information, supplemented by the bill of particulars, was sufficient to enable Stratton to prepare his defense. *See People v. Steiner,* 640 P.2d 250 (Colo.App.1981).

■ ■ As to Stratton's final contention, § 18–4–401(6), C.R.S. 1973 (1978 Repl. Vol. 8), provides that an information charging theft shall be sufficient if it alleges that the theft occurred "on or about a day certain." Although an information may be required to specify the date on which the offense occurred, it is not a material allegation. *Marn v. People,* 175 Colo. 242, 486 P.2d 424 (1971). The ultimate test of sufficiency of the information is whether it adequately apprises the defendant of offenses charged. *People v. Hunter,* 666 P.2d 570 (Colo., 1983).

■ Because the offense charged consisted of several acts of taking constituting a single embezzlement occurring between the dates specified, we conclude that the information supplemented by the bill of particulars was sufficient.

The judgment is affirmed.

PIERCE and VAN CISE, JJ., concur.