The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Katherine Jewell DEVINE, Defendant–Appellant.

No. 01CA1477.

Colorado Court of Appeals, Div. II.

Feb. 27, 2003.

Rehearing Denied April 10, 2003.

Certiorari Denied Aug. 18, 2003.*

---

\* Justice COATS would grant as to the following issues:

Whether the court of appeals erred by holding that a unanimous verdict is required as to which act a defendant committed, where the defendant was charged with one count of theft and the evidence showed five acts of theft that occurred as part of a single fraudulent scheme.

Whether the court of appeals incorrectly found plain error in the trial court's failure to give the jury a special unanimity instruction where the defendant did not request one.

Ken Salazar, Attorney General, Cynthia A. Greenfield, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Lisa Weisz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CRISWELL.**

Defendant, Katherine Jewell Devine, appeals the judgment of conviction on one count of theft of over $500 but less than $15,000, a class four felony under § 18–4–401(2)(c), C.R.S.2002. We reverse the conviction and remand the case for a new trial.

In 1992, defendant was made conservator of a trust account, which was the property of her then fifteen-year-old son. The son had received, after attorney fees, $5,088.93 as compensation for injuries suffered in an automobile accident. From December 1992 through May 1997, defendant sought approval for five withdrawals from the account, with the final withdrawal leaving the account empty. Each withdrawal was made allegedly to purchase items for the son. Excluding a $600 request for funds made in April 1995, the probate court approved all the withdrawals sought.

In 1998, the son approached the probate court to withdraw funds from his account and was informed that the account was empty. He then informed the court that he was unaware of the withdrawals and that he had received none of the items identified in the motions for withdrawal. Following the appointment of a guardian ad litem to investigate, defendant was charged with one count of theft under § 18–4–401(2)(c) for stealing the funds from the trust account. Following trial to a jury, defendant was convicted, sentenced to a brief jail term, admitted to probation, and ordered to pay restitution in the amount of $7,000.67.

## I.

Defendant first asserts that, by failing properly to instruct the jurors, the trial court denied her right to a unanimous verdict. We agree.

The theft statute, § 18–4–401(4), C.R.S.2002, allows the amount stolen during multiple thefts, occurring within a six month period, to be aggregated for purposes of charging an offense with a greater attached sentence. Here, five discrete acts of theft, spanning a period of more than four years, are the subject of a single charge, although each withdrawal occurred more than six months after the previous one.

If discrete acts of embezzlement occurred all pursuant to a single criminal impulse, they may be charged as a single offense, regardless of the time period over which they occurred. *See Gill v. People,* 139 Colo. 401, 411, 339 P.2d 1000, 1005 (1959); *People v. Stratton,* 677 P.2d 373 (Colo.App. 1983). The determination whether charging in this manner is duplicitous is for the trial court. *Gill v. People, supra,* 139 Colo. at 410, 339 P.2d at 1005.

*Gill* and *Stratton,* however, each involved employees who embezzled funds from their employers over eighteen- or twenty-two-month periods, with each transaction representing only a small percentage of the total theft. Here, the five discrete acts, occurring

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

almost annually, were of a different character. Each of four of the withdrawals could, itself, constitute the sole basis for the charge as alleged.

■ Regardless of how a crime is charged, however, guilty verdicts must be supported by the jurors unanimously agreeing that the elements of the crime have been satisfied beyond a reasonable doubt. Section 16–10–108, C.R.S.2002. Where, as here, it cannot be said that the thefts were part of a single transaction, the prosecution must elect upon which transaction it seeks to base the conviction, or in the alternative, the jurors must be given a unanimity instruction. *People v. Thurman,* 948 P.2d 69, 71 (Colo.App. 1997); cf. *People v. Freda,* 817 P.2d 588, 593 (Colo.App.1991)(where each transaction is charged as a separate offense, a jury need only agree that each element of the offense is satisfied).

■ If the evidence presents a reasonable likelihood that jurors may disagree upon which acts the defendant committed, and the prosecution does not elect to stand upon a specific incident, jurors should be instructed that they must unanimously agree as to a specific act or agree that the defendant committed all the acts alleged. *Thomas v. People,* 803 P.2d 144, 153–54 (Colo.1990). This requirement assures that the jury does not base its conviction upon some jurors finding that one act was committed, while others rely on a different act. *People v. Rivera,* 56 P.3d 1155, 1160 (Colo.App.2002).

■ Defendant's counsel did not request a unanimity instruction, so our analysis here must consider whether the failure to so instruct was plain error. *See* Crim. P. 52(b); *People v. Garcia,* 28 P.3d 340, 344 (Colo. 2001); *People v. Rivera, supra,* 56 P.3d at 1159. Reversal under a plain error standard requires a defendant to demonstrate not only that the absence of an instruction affected a substantial right, but also that the record reveals a reasonable possibility that the error contributed to the conviction. *People v. Garcia, supra,* 28 P.3d at 344.

■ Unlike the situation in *Thomas, supra,* here the court was not presented with a victim-witness who was incapable of accurately recalling the time and date of the specific instances of the alleged offense. On the contrary, each withdrawal here was a completely separate transaction and was the subject of different testimony and evidence. In such a case, the failure to give a special unanimity instruction raises grave doubts whether the jurors' conviction was based upon a true unanimity, or whether different incidents formed the basis for the conclusion of individual jurors. We conclude, therefore, that the failure to instruct here was plain error.

■ Defendant also contends that the conviction must be reversed because of insufficiency of the evidence. Specifically, she asserts that the jury might have based its verdict on the fourth withdrawal, a transaction involving only $400. However, because that incident alone could not support the verdict returned, it is obvious that the jurors relied upon at least one of the other incidents, each of which was a withdrawal of $500 or more. And there is no assertion that the evidence was not sufficient to support a verdict based on any one or more of these four withdrawals.

## II.

■ Because defendant's contention that a conviction cannot be based upon deception of the probate court is based upon circumstances that may recur on retrial, we address it here.

Defendant was charged with stealing funds belonging to the son's estate. By statute, theft occurs when a defendant "knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception." Section 18–4–401(1), C.R.S.2002. A thing of value is defined as "that of 'another' if *anyone other than the defendant* has a possessory or proprietary interest therein." Section 18–4–401(1.5), C.R.S.2002 (emphasis added).

■ Defendant is correct in asserting that to convict on these facts, it must be found that the monies were obtained either without authorization or by deception. Defendant relies on language in *People v. Nor-*

*man,* 703 P.2d 1261, 1268 (Colo.1985), to argue that it is the victim who must be deceived. However, the theft statute has been interpreted to include conduct where, through deception, a defendant has acquired the victim's property by deceiving the victim's agent. *See People v. Warner,* 801 P.2d 1187, 1190 (Colo.1990). Further, in *Norman,* neither the victim nor the victim's agents ever relied upon the defendant's misrepresentations.

The victim here, the son's estate, was capable of being deceived only through deception upon the probate court. The probate court was the only entity entitled to determine whether the estate could part with any of the estate property. Accordingly, we agree with the prosecution that, in this situation, deception made upon the probate court in an effort to commit theft from a victim's estate satisfies the requirements of § 18–4–401(1).

The judgment is reversed, and the case is remanded to the district court for a new trial in accordance with the views expressed in this opinion.

Judge NEY and Judge MARQUEZ concur.