The **PEOPLE of the State of Colorado,** Plaintiff–Appellee,

v.

Jeannie Lynn **MANIER, Defendant–** Appellant.

No. 05CA2704.

Colorado Court of Appeals, Div. V.

Oct. 2, 2008.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

John W. Suthers, Attorney General, Jonathan Patrick Fero, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Ned R. Jaeckle, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Jeannie Lynn Manier, appeals the judgment of conviction entered on a jury verdict finding her guilty of first degree aggravated motor vehicle theft, possession of one gram or less of a schedule II controlled substance, possession of drug paraphernalia, false reporting, and theft by receiving. We affirm in part, reverse in part, and remand with directions.

A confidential informant told police officers that defendant and her companion, M.M., were in possession of a stolen pickup truck. The police went to the location where the truck was said to be parked and discovered that it appeared to have license plates that did not belong on it. After speaking with defendant, they unlocked the truck with a key taken from her, confirmed that the truck's VIN was that of a truck that had been stolen, and discovered methamphetamine and drug paraphernalia in a purse inside the truck.

## I.

Defendant contends that, because the police lacked probable cause to believe the key retrieved from her pocket during a consensual search was incriminating, they were not entitled to seize the key and conduct a further search by using it to open the truck. Therefore, she argues, the trial court erred in denying her motion to suppress evidence seized as a result of the search of her person. We disagree.

Police who discover plainly visible evidence during the course of an otherwise legitimate search may seize that evidence

without a warrant if they have a reasonable belief that the evidence is incriminating. A reasonable belief that evidence is incriminating exists when the incriminating nature of the evidence is immediately apparent to the seizing officer. *People v. Pitts*, 13 P.3d 1218, 1222 (Colo.2000); *People v. Campbell*, 94 P.3d 1186, 1188 (Colo.App.2004).

■ The "immediately apparent" requirement is satisfied if, without further search, the police have probable cause to associate the item with criminal activity. *Campbell*, 94 P.3d at 1188; *see People v. Dumas*, 955 P.2d 60, 64 n. 9 (Colo.1998); *cf. Arizona v. Hicks*, 480 U.S. 321, 326–28, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987) (police officer's actions in moving stereo equipment to locate serial numbers and determine if equipment was stolen constituted unconstitutional search, where officer needed probable cause to believe that equipment was stolen and State conceded that he had only a "reasonable suspicion," not probable cause).

At the suppression hearing here, a detective testified that he asked permission to search defendant's person. She said yes, and she then pulled items—including a key in a black key holder—out of her pockets and held them out to be inspected. At that time, the police were aware that the stolen pickup was a Ford, they had found the truck where the informant told them it was parked, they observed that it had license plates that did not belong on it, and they knew that defendant had given them a false identity. Although defendant identified the key as a "car key" when an officer asked what it was, one of the officers testified that he had owned Ford vehicles before and recognized the key as a Ford truck key. Based on that belief, he asked another officer to try the key in the pickup.

We conclude that, on these facts, the police had probable cause to associate the key in defendant's pocket with criminal activity. Its incriminating nature was thus "immediately apparent," *see Campbell*, 94 P.3d at 1188, and the police could seize it. Accordingly, the trial court properly denied defendant's motion to suppress.

## II.

■ Defendant further contends the trial court erred in admitting two letters, found in the stolen truck, that were addressed to her and contained inadmissible hearsay. We conclude that any error was harmless.

■ Trial courts have substantial discretion in determining the admissibility of evidence, and their rulings will not be overturned on appeal unless they are manifestly arbitrary, unreasonable, or unfair. *People v. Melillo*, 25 P.3d 769, 773 (Colo.2001). Moreover, a trial court's erroneous admission of hearsay evidence is harmless if the error did not substantially influence the verdict or impair the fairness of the trial. *People v. Bowers*, 801 P.2d 511, 518–19 (Colo.1990).

The trial court admitted two letters, one addressed to "Jeanne" and the other to "Ginie," retrieved from the stolen truck. One letter included a wish that defendant have a "safe trip," and the other, in a different handwriting, referenced "getting the truck together for … a road trip." Defendant had not objected to allowing the jurors to view the salutations identifying her as the likely recipient of the letters, but she argued that the contents of the letters should be redacted. The trial court allowed admission of the unredacted letters but instructed the jurors that the letters were admitted, not for the truth of their contents, but for the limited purpose of showing the name of the addressee "and solely for that reason and for whatever relevance that may be to your determination of who this person is to whom [the letters are] addressed."

We need not decide whether the contents of the letters constituted inadmissible hearsay. We presume the jury followed the court's instruction not to consider the letters for the truth of their contents. *See Bloom v. People*, 185 P.3d 797, 805 (Colo.2008). For that reason, and in light of the substantial other evidence connecting defendant with the stolen truck—including the testimony of the confidential informant, defendant's possession of the truck keys, and the salutations identifying her as the recipient of the letters in the truck—we conclude that any error in

admitting the contents of the letters was harmless. *See Bowers,* 801 P.2d at 518–19.

## III.

We do not agree with defendant that reversal is required based on prosecutorial misconduct in rebuttal closing argument.

Because defendant did not object to the remarks of which she complains on appeal, we review for plain error. Prosecutorial misconduct during closing argument rarely constitutes plain error. To amount to plain error, the misconduct must be "flagrant or glaringly or egregiously improper." *People v. Walters,* 148 P.3d 331, 335 (Colo.App. 2006). Also, in assessing whether a prosecutor's comments constitute plain error, we are to take into account their context, including any argument by defense counsel that preceded the challenged remarks. *Id.; see also People v. Williams,* 996 P.2d 237, 244 (Colo. App.1999).

Here, defendant challenges the prosecutor's comments in rebuttal closing regarding "common defense attorney tactic[s]" such as focusing on the inadequacies in the police investigation. However, these remarks were made after defense counsel's closing, which included several references to the lack of fingerprint evidence connecting defendant with the stolen truck. In these circumstances, while we agree with defendant that it is improper for a prosecutor to denigrate defense counsel, *see People v. Perea,* 126 P.3d 241, 247 (Colo.App.2005), the remarks of which defendant complains did not rise to the level of plain error.

## IV.

Defendant contends the lack of a unanimity instruction deprived her of her right to a unanimous verdict on the offenses of first degree aggravated motor vehicle theft, possession of methamphetamine, and possession of drug paraphernalia. Because we conclude, for the reasons set forth in Part V below, that defendant's conviction of first degree aggravated motor vehicle theft must be reversed, we do not address her contention as it relates to the statutory aggravators supporting that conviction. We conclude that the absence of a unanimity instruction as to the remaining charges was not plain error.

If the evidence presents a reasonable likelihood that jurors may disagree upon which acts the defendant committed, and the prosecution does not elect to stand upon a specific incident, jurors should be instructed that they must unanimously agree as to a specific act or agree that the defendant committed all the acts alleged. This requirement assures that some jurors do not convict based on one act while other jurors convict based on a different act. *Roelker v. People,* 804 P.2d 1336, 1340 (Colo.1991); *People v. Devine,* 74 P.3d 440, 443 (Colo.App.2003).

Because defendant did not object to the lack of a unanimity instruction, we review only for plain error. *See Roelker,* 804 P.2d at 1342 n. 5; *Devine,* 74 P.3d at 443.

We find no reasonable likelihood that the jurors in this case disagreed on the evidence supporting the possession convictions. The methamphetamine and drug paraphernalia were found in a purse in the stolen truck. When the police initially contacted defendant and asked for her identification, she told them that her purse with the identification was in the truck. The jury convicted defendant of stealing the truck, and the presence of cosmetics and jewelry in the purse supported the conclusion that the purse belonged to defendant and not her male companion. Additionally, although there was evidence that defendant's companion had argued with his ex-wife about the truck, there was no evidence that the ex-wife was ever in the truck or had access to it; thus, we perceive no basis for concluding that the jury might have determined that the purse belonged to the ex-wife and not defendant.

There was also evidence that defendant had been seen smoking methamphetamine, and that evidence was referenced by the prosecutor in closing. However, we find no reasonable likelihood that some jurors returned a guilty verdict on the possession charges based on this evidence even though they did not believe that the methamphetamine and drug paraphernalia in the purse belonged to defendant. Therefore, the ab-

sence of a unanimity instruction as to this charge was not plain error.

## V.

However, we agree with defendant that the trial court erred in answering a jury question regarding the charge of first degree aggravated motor vehicle theft, and that that error requires reversal of her conviction of that offense.

 It is the trial court's duty to instruct the jury on all matters of law. *People v. Gordon*, 160 P.3d 284, 288 (Colo.App.2007). Although there is a rebuttable presumption that the jury understands and heeds the court's instructions, that presumption disappears when the jury sends out a question demonstrating that it has a fundamental misunderstanding of an instruction it has been given. In such circumstances, if the question is otherwise proper and the jurors cannot be adequately informed simply by directing their attention to some portion of the original instructions, a trial court has an obligation to clarify the matter in a concrete and unambiguous manner. *Leonardo v. People*, 728 P.2d 1252, 1255 (Colo.1986).

Under section 18–4–409(2), C.R.S.2008, a person commits first degree aggravated motor vehicle theft if he or she "knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception," and one or more of eight enumerated aggravating circumstances is present. Those circumstances include, as relevant here, "[r]etain[ing] possession or control of the motor vehicle for more than twenty-four hours"— § 18–4–409(2)(a), C.R.S.2008, and "[u]nlawfully attach[ing] or otherwise display[ing] in or upon the motor vehicle license plates other than those officially issued for the motor vehicle— § 18–4–409(2)(h), C.R.S.2008.

If a person knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception, but none of the aggravating factors in section 18–4–409(2) is present, the person is guilty of second degree aggravated motor vehicle theft. § 18–4–409(4), C.R.S.2008.

The jurors in this case were instructed that they could convict defendant of first degree aggravated motor vehicle theft if either of the two aggravators set forth above was proved:

The elements of the crime of aggravated motor vehicle theft in the first degree— over $15,000 are:

1. That the defendant
2. in the State of Colorado, at or about the date and place charged,
3. knowingly,
4. obtained or exercised control over a motor vehicle,
5. belonging to another person,
6. without authorization,
7. the value of the motor vehicle involved is more than fifteen thousand dollars, and
8. retained possession and control over the motor vehicle for more than twenty-four hours, or unlawfully attached or otherwise displayed in or upon the motor vehicle license plates other than those officially issued for the motor vehicle.

The jury was also given an instruction on second degree aggravated motor vehicle theft under section 18–4–409(4).

Addressing the section 18–4–409(2)(h) "fictitious license plates" aggravator in closing argument, the prosecutor told the jury:

I don't have to prove that [defendant] placed the plates on to the car, what I need to prove is that she displayed them in or upon the vehicle. They were displayed on the vehicle, the vehicle that she exercised control over.

During deliberations, the jury sent out a note asking: "Clarify element 8—did she have to know the plates did not belong to the truck? (The plates on the truck at the time of recovery)." Although defendant asked the trial court to answer the question in the affirmative or simply refer the jurors back to the original instruction, the court answered the question as follows: "No, but with respect to count 1, aggravated motor vehicle theft in the first degree over fifteen thousand dollars, jury instruction no. 6, all 8 elements

must be proven beyond a reasonable doubt to find the defendant guilty."

The jury returned a general verdict finding defendant guilty of first degree aggravated motor vehicle theft.

▬ Defendant contends on appeal that the court's answer lessened the prosecution's burden of proof by allowing the jury to convict her even if she "unknowingly" displayed fictitious plates on the truck. She argues that the General Assembly could not have intended to impose liability for first degree, rather than second degree, aggravated motor vehicle theft on one who steals a vehicle that, unbeknownst to him or her, has an unauthorized license plate. The People respond that the "knowingly" mens rea of section 18–4–409(2) does not apply to the eight aggravators, and that, by "including the display of improper plates as well as their attachment [within the section 18–4–409(2)(h) aggravator], the legislature signaled its intent that the enhancing conduct was one of strict liability requiring no culpable mental state." We agree with defendant.

While the "knowingly" mens rea in section 18–4–409(2) does not necessarily apply to each of the eight aggravators, see People v. Marquez, 107 P.3d 993, 997–98 (Colo.App. 2004) (rejecting argument that "knowingly" applied to aggravator regarding use of motor vehicle in commission of a crime), it does not follow from this that there is no mens rea requirement associated with the aggravator at issue here.

As noted, section 18–4–409(2)(h) raises the underlying offense to first degree aggravated motor vehicle theft if the offender "unlawfully" attaches or displays "motor vehicle license plates other than those officially issued for the motor vehicle." Attaching or displaying unauthorized license plates is not "unlawful" under Colorado law unless it is done knowingly. See § 42–3–121(1)(b), C.R.S.2008 ("It is unlawful ... [t]o display or permit to be displayed, to have in possession, or to offer for sale a ... registration number plate *knowing* the same to be fictitious or to have been stolen, cancelled, revoked, suspended, or altered ...." (emphasis added)). We are aware of no statute that makes it unlawful to display unauthorized license plates when the

person displaying them does not know that they are unauthorized.

Construing section 18–4–409(2)(h) to make a defendant strictly liable for the display of plates not belonging to the stolen motor vehicle would render superfluous the word "unlawfully" which the General Assembly has used in section 18–4–409(2)(h). This we may not do. See Colorado Water Conservation Board v. Upper Gunnison River Water Conservancy District, 109 P.3d 585, 597 (Colo. 2005) (courts are to give effect to every word used in statute and render none superfluous).

Thus, the trial court's response telling the jury that defendant did not have to know the plates did not belong to the truck was incorrect, and its subsequent reminder that all the elements of the relevant jury instruction had to be proved beyond a reasonable doubt was inadequate to rectify the error.

▬ Nor can we conclude that the error was harmless. While there was ample evidence connecting defendant with the stolen truck, there was little if any evidence from which it could be inferred that she had any involvement in attaching or displaying fictitious license plates on it. The fact that there was sufficient evidence of the other aggravator on which the jury was instructed (retaining possession or control of the truck for more than twenty-four hours) does not permit a contrary conclusion. See People v. Dunaway, 88 P.3d 619, 628–29 (Colo.2004) (observing that, in cases involving alternative theories of liability, there is a distinction between jury instructions that provide a legally inadequate basis of liability, which are violative of due process, and instructions that merely provide a factually inadequate basis of liability).

Accordingly, because we conclude there is a reasonable probability that the trial court's response contributed to defendant's conviction, see Gordon, 160 P.3d at 288, the conviction for first degree aggravated motor vehicle theft must be reversed.

However, the evidence was sufficient to establish defendant's liability for second degree aggravated motor vehicle theft, and we have rejected defendant's contentions of er-

ror that would affect that charge. A judgment of conviction could therefore properly enter on the lesser offense of second degree aggravated motor vehicle theft. Whether to retry defendant on the original charge or ask the court to resentence her on the lesser charge is left to the discretion of the prosecution. *See Crespin v. People,* 721 P.2d 688, 692–93 (Colo.1986).

Defendant's judgment of conviction of first degree aggravated motor vehicle theft is reversed, and the case is remanded. On remand, the prosecution may elect to retry defendant on that charge or, in its discretion, may ask the court to enter a judgment of conviction of second degree aggravated motor vehicle theft and resentence defendant for that offense. The judgment of conviction is otherwise affirmed.

Judge RUSSEL and Judge GABRIEL concur.