**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Darcie Lynn CRAWFORD, Defendant–Appellant.**

**No. 07CA2279.**

Colorado Court of Appeals, Div. II.

Nov. 25, 2009.

John W. Suthers, Attorney General, Katherine A. Hansen, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Sean C. Thomson, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RICHMAN.

Defendant, Darcie Lynn Crawford, appeals the judgment of conviction entered upon a jury verdict finding her guilty of one count of theft by receiving property valued between $500 and $15,000, a class four felony under the applicable version of section 18–4–410(1) and (4), C.R.S.2005. We disagree with defendant's contentions that the trial court erroneously permitted the jury to aggregate the value of the stolen items and that there was insufficient evidence to support the jury's special interrogatory finding that the value of the stolen items was $500 or more. Therefore, we affirm.

## I. Background

On February 17, 2004, the police responded to a residential burglary complaint. The homeowner, J.R., reported multiple items stolen, including a saddle, a Nintendo Gamecube, a DVD player, golf clubs, and various pieces of jewelry. A number of the items were eventually recovered when defendant attempted to sell or pawn them. The police obtained a search warrant for the residence defendant and her boyfriend shared and recovered additional items of J.R.'s property.

The prosecution charged defendant with one count of theft by receiving, a class four felony under the relevant version of section 18–4–410(1) and (4). The jury answered a special interrogatory on which it listed the items received or disposed of by defendant, and checked a box indicating that the total value of those items was $500 or more, but less than $15,000. It returned a guilty verdict and the district court sentenced defendant to sixty days in jail and four years of probation.

## II. Analysis

### A. Aggregated Value of Stolen Items

■ Defendant contends that the district court erred by allowing the jury to aggregate the value of the several stolen items, rather that requiring the prosecution to prove that she had received a "singular thing of value" worth between $500 and $15,000. She argues that aggregation of the value of multiple items is permitted only under subsections (6) and (7) of the statute. We disagree.

■ Whether the theft by receiving statute allows the prosecution to aggregate the value of stolen items when determining the class of felony to charge is a question of law we review de novo. *Alvarado v. People*, 132 P.3d 1205, 1207 (Colo.2006).

■ The theft by receiving statute defined, and still defines, the substantive offense as follows:

[A] person commits theft by receiving when he receives, retains, loans money by pawn or pledge on, or disposes of anything of value of another, knowing or believing that said thing of value has been stolen, and when he intends to deprive the lawful owner permanently of the use or benefit of the thing of value.

§ 18–4–410(1), C.R.S.2009. Subsections (2) through (5) of the relevant statute defined the class of the offense based on the value of "the thing involved." Defendant was convicted of violating subsection (4) which then provided: "Where the value of the thing involved is five hundred dollars or more but less than fifteen thousand dollars, theft by receiving is a class 4 felony." Ch. 314, sec. 13, § 18–4–410(4), 1998 Colo. Sess. Laws 1438. We conclude that the values of things

received and disposed of may be aggregated under subsections (2) through (5) for several reasons.

First, we note that the words "the thing involved" as used in subsections (2) through (5) must refer back to the phrase "anything of value" as used in the description of the substantive offense. According to plain English usage, the word "anything," used in conjunction with the words "of value," includes the plural as well as the singular. *See generally* U.S. Gov't Printing Office, *Style Manual* 41 (2008); William Strunk, Jr. & E.B. White, *The Elements of Style,* 98 (4th ed.2000). In the context of the statute, we conclude that because the classification provisions refer back to the substantive offense, they too must include the plural as well as the singular.

Moreover, a Colorado statute requires that we read singular nouns to include their plural form and plural nouns to include their singular form. § 2–4–102, C.R.S.2009; *see People v. Jones,* 675 P.2d 9, 14 n. 10 (Colo.1984) (applying the statute in a criminal self-defense context); *Andrade v. Indust. Claim Appeals Office,* 121 P.3d 328, 330 (Colo.App. 2005) (applying the statute in a workers' compensation context); *People v. Carrethers,* 867 P.2d 189, 190 (Colo.App.1993) (applying the statute to hold "appearance date" to include "such other dates to which defendant's case was continued up to the date of conviction"). Thus, we read the phrase "thing involved" as used in subsections (2) through (5) to include the plural as well as the singular.

▮ Second, in interpreting a statute, we must ascertain and effectuate the intent of the legislature. *People v. Weiss,* 133 P.3d 1180, 1184 (Colo.2006). Whenever possible, we must determine the General Assembly's intent from the plain and ordinary meaning of the statutory language. *Woellhaf v. People,* 105 P.3d 209, 215 (Colo.2005). We discern the clarity or ambiguity of the statutory language by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole. *People v. Tixier,* 207 P.3d 844, 847 (Colo.App.2008). We must read and consider the statute as a whole "to give consis-

tent, harmonious, and sensible effect to all of its parts." *People v. Hernandez,* 160 P.3d 263, 264 (Colo.App.2007) (quoting *Farmers Reservoir & Irrigation Co. v. City of Golden,* 113 P.3d 119, 130 (Colo.2005)), *aff'd,* 176 P.3d 746 (Colo.2008). We presume that the legislature intended the entire statute to be effective. *Tixier,* 207 P.3d at 847. We will not follow a statutory interpretation that leads to an illogical or absurd result. *Frazier v. People,* 90 P.3d 807, 811 (Colo.2004).

Defendant here argues that her multiple acts of disposing of stolen items, each of which may be separately valued at less than $500 and which occurred over a period longer than six months, must be prosecuted as separate misdemeanors under subsection (2) or (3) of the statute, and not as one felony under subsection (4). We reject this argument as an illogical interpretation of the statute. For example, if a defendant were to come into possession of a truckload of stolen items, each valued at $490, and to dispose of the items over six-month intervals, it would be an illogical result to prosecute that act as a series of misdemeanors, as opposed to one felony. The substantive offense is committed when the defendant receives "anything of value" knowing or believing "that said thing of value has been stolen." The offense is complete upon receipt, even if the items are disposed of separately.

Defendant argues that the prosecution may aggregate the value of the things involved only when it prosecutes a defendant under subsection (6) or (7) of the statute. Subsection (6) uses the phrase "thing or things"; subsection (7) uses the plural form, "things"; and both subsections expressly refer to the "aggregate value" of the stolen items. We reject this construction of the statute.

The use of the plural form in subsections (6) and (7) is required not because the General Assembly intended only those subsections to cover multiple items, but rather because of the nature of the offense defined. Subsection (6) applies when a defendant "is engaged in the business of buying, selling, or otherwise disposing of stolen goods for a profit"; and subsection (7) applies when a defendant "commits theft by receiving twice or more

within a period of six months." Thus, those subsections require multiple incidents of disposition or receipt of stolen items to establish a class 3 felony offense, and the plural form is required because the offense requires more than one act. In contrast, under former subsection (4), a single act of receiving even multiple stolen items of a value of more than $500 and less than $15,000 establishes a class 4 felony offense.

Moreover, a division of this court has interpreted the parallel provisions of the theft statute to permit aggregation of the value of multiple items: "where peculations are committed pursuant to a single criminal impulse in execution of a single fraudulent scheme which constitutes a single embezzlement, they may be combined into one count and need not be prosecuted under the six-month provision of the theft statute." *People v. Stratton*, 677 P.2d 373, 375 (Colo.App.1983). *Stratton* rejected the argument that the theft statute in effect at that time required the state to prosecute the defendant's thefts under the six-month provision of section 18–4–401(4), C.R.S.2009. *Id.*

Although *Stratton* interprets the theft statute, as opposed to the theft by receiving statute, the similarity of the two statutes' structures persuades us that the same rationale should be applied here. Both statutes use the phrase "value of the thing involved" in defining the classifications of the offenses, and both statutes have a separate provision expressly providing for aggregation of value of "things involved" when multiple offenses occur within a six-month period. Under the interpretation in *Stratton*, the trial court determines whether acts are "pursuant to a single criminal impulse, [and] may be charged as a single offense, regardless of the time period over which they occurred." *People v. Devine*, 74 P.3d 440, 442 (Colo.App. 2003); *see also People v. Jamison*, 220 P.3d 992, —— (Colo.App.2009) (discussing the value of separate stolen items and concluding that the total value of $220 supports a conviction for theft in excess of $100).

Here, the single criminal impulse analysis supports defendant's conviction because all the stolen property belonged to the same victim, was stolen in one incident that oc-

curred on February 17, 2004, was subject to one police investigation, and was described in the same testimony at trial. In addition, the evidence supported an inference that defendant received the property at the same time. Although defendant did not admit that she knew the items were stolen, she conceded that she pawned or sold several of the items in order to recoup bond money she posted for her boyfriend, the suspected burglar of the items. Thus, the record supports the district court's implicit determination that defendant's acts were pursuant to a single criminal impulse, properly charged as one offense.

We do not find persuasive defendant's reliance on *Roberts v. People*, 203 P.3d 513 (Colo.2009), for the proposition that the value of items may not be aggregated under section 18–4–410(4). Nor do we find persuasive the prosecution's reliance on the legislative response to that decision as support for the aggregation of value. *Roberts* addresses the theft statute, not the theft by receiving statute at issue here, and interprets the provision of the theft statute that applies when the thefts are committed within a six-month period. Here, defendant was not prosecuted under the parallel provision of the theft by receiving statute, section 18–4–410(7).

Although *Roberts* required the prosecution of multiple violations of the theft statute within a six-month period to be prosecuted in a single count, we find no language in that decision addressing the issue of aggregation of the values of stolen items. Moreover, notwithstanding the legislature's reversal of *Roberts* to make aggregation of theft charges in a single count permissive rather than mandatory, we find no indication that the legislature was addressing the issue of the aggregation of the values of stolen items.

Accordingly, we conclude that the court correctly instructed the jury by using the special interrogatory permitting aggregation of the values of the stolen items received by defendant.

## B. Sufficiency of the Evidence

Defendant contends that the evidence was insufficient to establish that she received sto-

len property with a value between $500 and $15,000. We disagree.

■ "When the sufficiency of the evidence is challenged, an appellate court must review all the evidence in the light most favorable to the prosecution; in so doing, the court must draw all inferences most favorable to the jury's verdict." *People v. Pineda–Eriza*, 49 P.3d 329, 333–34 (Colo.App. 2001); *see People v. Trujillo*, 190 Colo. 45, 543 P.2d 523 (1975). It is the fact finder's function to determine what weight should be given to all parts of the evidence and to resolve conflicts, inconsistencies, and disputes in the evidence. *People v. Bastin*, 937 P.2d 761, 765 (Colo.App.1996).

■ The prosecution must prove the value of the stolen items beyond a reasonable doubt. *People v. Jamison, supra*, 220 P.3d at 993. A division of this court has held, "[T]he People must present competent evidence of the reasonable market value of the item at the time of the commission of the alleged offense. Market value is what a willing buyer will pay in cash to the true owner for the stolen items." *People v. Moore*, 226 P.3d 1076, 1084 (Colo.App. 2009) (citation omitted).

■ With certain limitations, a property owner is competent to testify as to the value of his or her own property. *Id.*

However, the testimony must relate to the value of the property at the time of the commission of the crime. Moreover, testimony on the purchase price of goods is competent evidence of fair market value only where the goods are so new, and thus, have depreciated in value so insubstantially, as to allow a reasonable inference that the purchase price is comparable to current fair market value.

*Id.* (citation omitted).

In answer to a special interrogatory, the jury found that defendant was guilty of theft by receiving the following items: a saddle, golf clubs, five loose stones, a gold-colored wedding band without diamond, a costume jewelry ring, and two pendants. The jury also found the value of the items was $500 or more.

■ Defendant argues on appeal that the testimony was not sufficient to support the jury verdict that the items had a value of $500 or more, although she did not make such argument at the close of the prosecution's case. More particularly, she now contends that there was not competent evidence of the fair market the value of the saddle, which she characterizes as the most valuable of the items, and that the jury therefore properly could assign no value to the saddle in reaching its verdict. We disagree.

Competent testimony concerning the market value of the stolen items, excluding the saddle, was sufficient to sustain the jury's verdict. One witness testified that she had purchased loose gemstones, reported stolen by J.R., from defendant for $200. J.R. testified that her set of stolen golf clubs was valued at $250; a defense witness testified that the value could have been as high as $200. Defendant's witness valued some of the additional stolen goods as follows: a wedding ring missing the stone, $25–30; costume jewelry, $20–25; and a pendant, $30–35. Viewing this evidence in a light most favorable to the prosecution, we conclude the competent testimony supports a market value of the stolen items, other than the saddle, of $500 or more.

■ We must assume that the jury adopted the evidence that supports its verdict. *Dodge v. People*, 168 Colo. 531, 535, 452 P.2d 759, 761 (1969); *People v. Rubio*, 222 P.3d 355, 358 (Colo.App. 2009) ("We review the evidence in the light most favorable to the prosecution to determine whether any rational juror could find defendant guilty beyond a reasonable doubt."). We conclude that the evidence was sufficient to support the jury's verdict that the value of the stolen items received by defendant exceeded $500.

The judgment of conviction is affirmed.

Judge CASEBOLT and Judge CARPARELLI concur.