23CA1797 Peo v Smith 04-02-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1797
Arapahoe County District Court No. 21CR585
Honorable Ronald M. Mullins, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kurt A. Smith,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lum and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 2, 2026

---

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Senior Assistant
Attorney General and Assistant Solicitor General, Denver, Colorado, for
Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Daniel J. Sequeira, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Kurt A. Smith, appeals the district court's judgment of conviction entered on a jury's verdict finding him guilty of theft (at least $2,000 but less than $5,000), a class 6 felony. We affirm.

## I. Background

¶ 2 Smith stole Calven Goza's trailer, one of three that Goza owned. Smith put the trailer up for sale on Craigslist for $800 and sold it to Jorge Segovia. Segovia then put it up for sale on Facebook Marketplace for $2,800.

¶ 3 Goza didn't immediately know that his trailer had been stolen, but four days after it had been stolen, he saw Segovia's post on Facebook Marketplace. Police investigated. They determined that Smith had stolen the trailer.

¶ 4 The People charged Smith with a single count of theft of property with a value of at least $2,000 but less than $5,000. *See* § 18-4-401(1)(a), (2)(f), C.R.S. 2025.

¶ 5 A jury found Smith guilty as charged. On appeal, Smith makes a number of arguments centered on the evidence of the trailer's value. He also challenges the constitutionality of the

reasonable doubt instruction the court gave the jury at the close of the evidence.  We address and reject Smith's contentions in turn.

## II.    Discussion

### A.    Hearsay Evidence of Value

#### 1.    Additional Background

¶ 6    Before Goza took the stand, defense counsel asked the court to preclude Goza from testifying about the trailer's value.  Counsel argued that while the owner of property generally may testify about his property's value, that testimony must be based on "personal knowledge" and "foundation."  Counsel had seen Goza "flipping through Facebook Marketplace" in the hallway outside the courtroom, and Goza allegedly said he was going to base his opinion of value on a posting offering a similar, though much newer, trailer for $3,500.  This, defense counsel argued, would be hearsay.

¶ 7    The prosecutor responded that evidence of the price on Facebook Marketplace was evidence of value of a type expressly

allowed by section 18-4-414(2), C.R.S. 2025.[1]  Defense counsel,

citing *People v. Jaeb*, 2018 COA 179, argued that the prosecutor

was reading the statute too broadly.  The court deferred ruling on

the issue until the prosecutor looked at *Jaeb*.

¶ 8     After opening statements, immediately before Goza was to

testify, the court overruled the objection because, the court

reasoned, an owner is generally allowed to testify as to the value of

his property and, to the extent Goza's opinion would be based on

outside information, that outside information wouldn't be offered for

the truth of the matter asserted and therefore wouldn't constitute

hearsay.  *See* CRE 801(c).  Defense counsel then made a record that

the objection was also based on "the confrontation clause."

¶ 9     Goza testified that he owned three trailers, each of which he

described, and each of which he had purchased.  He then further

described the trailer that had been stolen.  When the prosecutor

asked Goza whether he was "aware of the approximate value of your

---

[1] Section 18-4-414(2), C.R.S. 2025, provides that evidence of the value of something stolen may be "established through . . . testimony regarding affixed labels and tags, signs, shelf tags, and notices tending to indicate the price of the thing involved."  Such evidence should not be excluded even if it is hearsay.  *Id.*

trailer now," defense counsel objected, again on hearsay and confrontation grounds. The court overruled the objection. Goza said, "I believe it to be around $3,500." Defense counsel renewed his objection. When asked by the court whether "assuming [Goza] received this from other sources, is it being offered for the truth of the matter asserted," the prosecutor said Goza owned three trailers and was testifying based on his "experience" "over time." Defense counsel noted that $3,500 was "the exact value . . . on the Facebook Marketplace post [Goza] just showed us in the hallway." The court said, "Well that's just cross-examination," and it again overruled the objection.

¶ 10    The following exchange ensued:

> Q  [The prosecutor] Are trailers generally something that you are aware of and pay attention to?
>
> A  Yes, sir.
>
> Q  Do you have, like, a general understanding of trailers?
>
> A  I would say so, yes.
>
> Q  And the valuation is — is that — did you obtain that over — just like your experiences over time or where does that come from?

A  Yes, just my general knowledge of that subject matter, I guess.

¶ 11     After a brief pause, the prosecutor asked, "And when you mentioned values, do you understand that to be the amount of money that someone would pay the true owner?"  Goza said, "Correct."

¶ 12     On cross-examination, defense counsel didn't ask Goza about the Facebook Marketplace post Goza had looked at while in the hallway.

### 2.     Standard of Review

¶ 13     We generally review a trial court's evidentiary ruling for an abuse of discretion.  *Venalonzo v. People*, 2017 CO 9, ¶ 15.  A trial court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or based on a misunderstanding or misapplication of the law.  *People v. McFee*, 2016 COA 97, ¶ 17.

¶ 14     If the court abused its discretion by admitting evidence, we review any such nonconstitutional error for harmless error.  *Hagos v. People*, 2012 CO 63, ¶ 12.  Under that standard, we reverse only if the error affects a party's substantial rights.  *Id.*; *see* Crim. P. 52(a).  Put another way, "we reverse if the error 'substantially

influenced the verdict or affected the fairness of the trial proceedings.'" *Hagos*, ¶ 12 (quoting *Tevlin v. People*, 715 P.2d 338, 342 (Colo. 1986)).

¶ 15     We review de novo, however, whether admitting evidence violated a defendant's right to confront witnesses against him under the Confrontation Clauses of the United States and Colorado Constitutions.  *Bernal v. People*, 44 P.3d 184, 198 (Colo. 2002).[2]

### 3.     Analysis

¶ 16     At the outset, we dispense with any contention that the Facebook Marketplace post itself was inadmissible hearsay.  That post wasn't admitted into evidence.  And no witness even mentioned it.  The only evidence in question, then, is Goza's testimony that he believed the trailer was worth $3,500.

¶ 17     As to that testimony, even assuming it was based in part on the Facebook Marketplace post, there was no Confrontation Clause violation.  This is so because there is nothing in the record indicating that the post was "testimonial" — that is, in light of all the circumstances and viewed objectively, it "was made 'with a

---

[2] *See* U.S. Const. amend. VI; Colo. Const. art. II, § 16.

primary purpose of creating an out-of-court substitute for trial testimony.'" *McFee*, ¶ 34 (quoting *Ohio v. Clark*, 576 U.S. 237, 245 (2015)); *see Davis v. Washington*, 547 U.S. 813, 821 (2006) ("It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause.").

¶ 18     Turning to hearsay, we conclude that any error in allowing Goza to opine on the trailer's value based on hearsay was harmless.

¶ 19     To be sure, Goza's opinion may well have been based, in part, on his consideration of the Facebook Marketplace post, which may have been hearsay.[3]  But *only* in part.  It was also based on his experience in owning and buying trailers over time.  And an owner is generally allowed to testify as to his property's value based on such experience.  *See People v. Crawford*, 230 P.3d 1232, 1237 (Colo. App. 2009).  Thus, Goza could testify as to the trailer's value regardless of any reliance on the Facebook Marketplace post.[4]

---

[3] The Facebook Marketplace evidence was arguably admissible under section 18-4-414.  But we don't need to decide that issue.
[4] Though given ample opportunity, Smith's attorney didn't attempt to determine on cross-examination the extent to which Goza based his opinion on the Facebook Marketplace post he looked at while in the courtroom hallway.

¶ 20 Also, Segovia testified that he offered the trailer for sale on Facebook Marketplace for $2,800 based on "the price they were going [for] on the market." He said that he had bought and resold five or six trailers around the same time. Smith doesn't challenge the admissibility of that testimony on appeal. Though Smith argues in his reply brief that there were "serious issues with this testimony," none were so serious that the jury was obliged to disregard it.

¶ 21 We are therefore convinced that, even if Goza's testimony of value was based in part on inadmissible hearsay, there was sufficient evidence that the trailer was worth at least $2,000.[5] And taking it a step further, we conclude that any error didn't affect Smith's substantial rights.

### B. Prosecutorial Misconduct

¶ 22 Smith contends that the prosecutor committed misconduct by eliciting Goza's opinion of the trailer's value and then relying on that testimony in closing argument. We disagree.

---

[5] This conclusion disposes of Smith's challenge to the sufficiency of the evidence of value.

¶ 23    As discussed, Goza testified at least in part based on his experience in owning and buying trailers, the prosecutor neither sought to admit the Facebook Marketplace post nor asked Goza about it, and the evidence of the Facebook Marketplace post was arguably admissible under section 18-4-414(2).  As well, the court allowed the testimony.  And in closing, the prosecutor focused on Goza's experience in buying trailers.  We therefore don't see any prosecutorial misconduct, much less any misconduct sufficient to find plain error on the court's part by failing to step in.[6]

## C.    Reasonable Doubt Instruction

¶ 24    Over defense counsel's objection, the court gave the jury an instruction defining reasonable doubt based on a 2022 model instruction.

¶ 25    On appeal, Smith argues that the 2022 model instruction is constitutionally deficient because (1) the phrase "firmly convinced" lowers the prosecution's burden of proof; (2) the "reasonable possibility" language shifted the burden of proof; (3) it contains "two distinct, yet incompatible definitions of reasonable doubt"; and (4) it

---

[6] Smith concedes that his claim of prosecutorial misconduct is unpreserved and therefore subject to plain error review.

fails to tell the jurors expressly that they may consider the lack of evidence supporting the prosecution's case.

¶ 26 In *People v. Schlehuber*, 2025 COA 50, ¶¶ 16-34, a division of this court rejected these challenges to the 2022 model instructions. *See also People v. Berumen*, 2025 COA 93, ¶¶ 21-33 (also rejecting challenges to the use of "firmly convinced" and "real possibility" and the "lack of evidence" argument); *People v. Melara*, 2025 COA 48, ¶¶ 24-32 (also holding that the absence of any language telling the jurors expressly that they can consider the lack of evidence isn't a due process violation). We agree with *Schlehuber*'s reasoning and therefore follow it.

## D. Cumulative Error

¶ 27 Because we have determined that there was, at most, one error, the cumulative error doctrine isn't implicated. *See Howard-Walker v. People*, 2019 CO 69, ¶ 24; *People v. Jones*, 2025 COA 43, ¶ 56 (*cert. granted on other grounds* Jan. 20, 2026); *People v. Thomas*, 2019 COA 124, ¶ 69.

## III. Disposition

¶ 28 The judgment of conviction is affirmed.

JUDGE LUM and JUDGE MEIRINK concur.

10